### JOHN MATHONICAN v. THE STATE.

No. 3393.    Decided May 15, 1907.

**Carrying Pistol—Place of Business—Residence—Intent.**

Where upon trial for unlawfully carrying a pistol, the evidence showed that defendant was arrested with a pistol on and about his person a few steps away from his place of business, which he had just closed, and was en route home, that he was not in the habit of thus carrying a pistol, there was no violation of the law.

Appeal from the County Court of Tom Green. Tried below before the Hon. Milton Mays.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*C. E. Dubois,* for appellant.—Chambers v. State, 30 S. W. Rep., 357; Skeen v. State, 30 S. W. Rep., 554; Sanders v. State, 20 S. W. Rep., 556; Cordova v. State, 97 S. W. Rep., 87; Boissean v. State, 15 S. W. Rep., 118; Waldstien v. State, 14 S. W. Rep.; 394.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of unlawfully carrying a pistol, the punishment assessed being a fine of $100.

The question involved in this case is the sufficiency of the evidence to show that appellant carried a pistol in violation of law. The evidence discloses that he was arrested about one or two o'clock in the morning, a few steps away from his place of business, which he had just closed, and was en route home. One of the officers who made the arrest testified that the route appellant was pursuing was his only way home, which was about a quarter of a mile from his place of business. Appellant testified that he had the pistol, and was carrying it to his home or residence; that he had not carried the pistol except on one or two occasions mentioned by him. He further testified that he was not in the habit of carrying a pistol from his home to place of business and back again. Evidence was introduced as to good reputation and fair dealing, etc. We believe under the facts as shown the testimony was not sufficient to show a violation of the law.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*