## PHILLIP ELLIAS v. THE STATE.

### No. 1594.  Decided March 6, 1912.

**Carrying Pistol—Charge of Court—Imminent Danger.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed that defendant carried the pistol from his residence to his store and while on the way believed his life was threatened and drew his pistol, the court should have submitted a requested charge on the question of imminent and threatening danger.

Appeal from the County Court of Johnson. Tried below before the Hon. J. B. Haynes.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Phillips & Bledsoe,* for appellant.—On question of imminent danger: Short v. State, 25 Texas Crim. App., 379; Strickland v. State, 33 Texas Crim. Rep., 559.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The appellant was convicted of carrying a pistol. The evidence shows that he had a pistol on Main Street in the city of Cleburne and that he fired it at a man named Wineburg. Appellant's evidence is in substance that he lived a short distance away from where he was seen with the pistol and was pursuing the business of selling fruit and "run a banana wagon;" that he was carrying his banana wagon from his residence around to his

store and had the pistol in the banana wagon, in a sack; that his brother was in the wagon with him at the time. It is further in evidence in behalf of the appellant that Wineburg had threatened to kill him. This caused him uneasiness. En route to the store, appellant saw Wineburg coming down the sidewalk. Wineburg stepped off the sidewalk as if coming to where he, appellant, was in his banana wagon, either throwing his arm in his bosom, or had it in his bosom; and, thinking he was going to attack him, appellant jumped out of his banana wagon, grabbed his pistol and fired at Wineburg. This is a brief but substantial statement of the case. The State proved that appellant had the pistol at the time indicated and fired it at Wineburg.

The court charged the jury, correctly, that appellant had the right to carry the pistol from his house to his place of business. Appellant properly presents the question, excepting to the charge for failing to give a special charge to the effect that if he believed his life was in danger, and the danger was so imminent and threatening that he did not have time to have the party arrested, the jury would acquit him. We are of opinion this charge should have been given. He had a legal right to carry the pistol from his residence to his store. The mere fact that he thought his life was threatened and he was in danger of losing it, or of being attacked by a man who had threatened to kill him, and he exhibited and used the pistol under those circumstances, would not constitute it an illegal carrying. He had a right to carry it from his house to his store and the fact that he used it to protect his life en route would not make the carrying an unlawful one. This phase should have been given in charge to the jury, and because it was not, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*