## JIM KELLUM V. THE STATE.

### No. 1792. Decided May 22, 1912.

**Carrying Pistol—Insufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed that the defendant spent a night with his friend, who gave him the pistol which he attempted to carry home by the nearest practicable route when he was arrested therefor, the same was insufficient to support the conviction.

Appeal from· the County Court of Hill. Tried below before the Hon. Horton B. Porter.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Collins & Cummings,* for appellant.—On question of insufficiency of the evidence: Mathonican v. State, 51 Texas Crim. Rep., 471, 102 S. W. Rep., 1123; Waterhouse v. State, 62 Texas Crim. Rep., 551, 138 S. W. Rep., 386; Huff v. State, 51 Texas Crim. Rep., 441, 102 S. W. Rep., 407; Engman v. State, 61 Texas Crim. Rep., 496, 135 S. W. Rep., 565; Foster v. State, 59 Texas Crim. Rep., 44, 126 S. W. Rep., 1155; Lyle v. State, 21 Texas Crim. App., 153.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of carrying a pistol in violation of the statute.

Appellant at the time of the alleged offense was temporarily residing in Whitney, Hill County, under treatment of a physician, and ad been so residing for two or three weeks. He resided or boarded ͏ had his room in the city hospital in Whitney, spending most of ⸂ime ·during the ·day at the office of the physician who was treat- ͏im, and often ·spent his nights with a young man who had a in one of the physician's offices. On the occasion that was ⸂ated for this prosecution appellant spent the night with a friend ⸂ne of these offices, the name of the friend being Harris. While the room Mr. Harris said that the electric lights would go off ͏ectly and went downstairs to get a lamp, requesting appellant to ⸂o with him. They went to a drugstore, which was in an adjoining building, returning to the room in a few minutes. In going upstairs on their return, Harris handed appellant a box, and upon being asked what was in it, Harris stated it contained an automatic pistol; that ˙he did not want it about his office, and made appellant a present of it. The pistol was in the original package. The box was not opened that night; it was kept in the room by appellant where he spent the night. The next morning he left, going to his own room at the hospital, taking the pistol with him, having it in his pocket.

En route he met the proprietor of the hospital and stopped momen- tarily· to make some inquiry, and while thus talking the city marshal approached and arrested him. He asked the officer why he arrested him. The officer refused to give him the information. Appellant made some resistance of being arrested, but was carried by the officer and another party to another part of the town and searched. The pistol was found and taken from him. This is about the substance of the testimony.

We are of opinion this does not constitute a violation of the stat- ute. Appellant had the right to spend the night with his friend, and when the friend gave him a pistol he had the legal right to carry that pistol to his room. He was en route to his room and by the nearest practicable route, as the testimony shows, at the time he was arrested by the officer.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*