### JOHN CASSI v. THE STATE.

No. 5541. Decided December 10, 1919.

**1.—Carrying Pistol—Rule Stated—Principal and Agent.**

One who is directed by an employer to carry a pistol, one time, from one place of business to another, may lawfully execute said order, as what one might lawfully do for himself he may do by an agent; but he cannot carry such pistol habitually or in a round-about way or as a subterfuge, and where, upon trial of unlawfully carrying a pistol, the court below refused to permit the defendant and his witnesses to show that he was so employed, the same was reversible error. Following: Huff v. State, 51 Texas Crim. Rep., 441, and other cases.

**2.—Same—Date of Offense—Complaint—Filing.**

The complaint having been filed on the 22nd of May and the State's witness testifying that he saw defendant with the pistol on or about the 21st of said month but it nowhere appeared that this was before the complaint was filed, the proof should have shown that the offense was committed before such filing.

86 Tex.—24.

Appeal from the County Court of Tarrant. Tried below before the Hon. Hugh L. Small, judge.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars, and thirty days confinement in the county jail.

The opinion states the case.

*Poulter & Koenig,* for appellant.—On question of carrying pistol for his employer: Brooks v. State, 52 Texas Crim. Rep., 417; Fitzgerald v. State, 52 id., 265; Granger v. State, 50 id., 488; Smith v. State, 50 id., 642; Lewis v. State, 52 id., 7, and cases cited in the opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.— Cited Cordova v. State, 50 Texas Crim. Rep., 353; Farris v. State, 64 id., 524; Guthrie v. State, 73 Texas Crim. Rep., 536, 166 S. W. Rep., 730; Crain v. State, 69 Texas Crim. Rep., 55, 153 S. W. Rep., 155.

LATTIMORE, Judge.—Appellant was convicted in the County Court of Tarrant County of the offense of unlawfully carrying a pistol, and was punished by a fine of $100 and thirty days in jail.

This case will have to be reversed, because of the refusal of the trial court to permit appellant himself to testify, and also to show by other witnesses, that he was employed by one Cerna, and was directed by his employer, or the wife of his employer, to carry the pistol in question from one of the places of business of said employer, to another, at which latter place it was purposed that said pistol should be kept. Under our decisions, one who is directed by such employer to carry a pistol one time from one place of business to another, may lawfully execute said order, under the limitations further referred to. Huff v. State, 51 Texas Crim. Rep., 441; Campbell v. State, 28 Texas Crim. App., 44; Mathonican v. State, 51 Texas Crim. Rep., 471; Waterhouse v. State, 62 Texas Crim. Rep., 551; Elias v. State, 65 Texas Crim. Rep., 479, 144 S. W. Rep., 1139.

The behest of an employer furnishes no excuse for the commission of an offense, but it is well settled that the employer himself might carry a pistol from his home to his store, or from one store to another, with the *bona-fide* intent of leaving it at the place to which it was so carried, and that what one may lawfully do for himself, he may do by an agent; but it is also well settled that such carrying, as above indicated, may not be habitual. Chambers v. State, 34 Texas Crim. Rep., 293; Skeen v. State, 30 S. W. Rep., 218. Nor may said pistol be lawfully carried in roundabout ways, nor upon pretense that it is being carried from one place of business to another, nor can the person claiming to be carrying same from one place to another loiter along the streets,

or unnecessarily deviate from the route from one of said places to the other. Cordova v. State, 50 Texas Crim. Rep., 353.

It is not disclosed by this record whether the place at which appellant was arrested was on the usual and customary way from one of said employer's places of business to the other, or not, but there is some inference that it was not. If it be disclosed upon another trial that at the time he was arrested with the pistol, appellant was loitering on the streets, or was not *bona fide* carrying said pistol from one place of business of his employer to another, then in such case appellant would be guilty, and the fact that he was ordered by his employer to take said pistol from one place to another, would constitute no defense.

We further observe that the complaint was filed on May 22d, and that the officer who arrested appellant, and was the only State witness, testified that he saw him with the pistol on or about May 21st, and nowhere states that it was before the complaint was filed. The proof should show that the unlawful carrying was before the complaint was filed.

Reversed and remanded.

*Reversed and remanded.*