## W. H. CULPEPPER V. THE STATE.

No. 21972. Delivered June 23, 1943.

The opinion states the case.

*C. W. Howth, Geo. E. Holland,* and *Gaston H. Wilder, Jr.,* all of Beaumont, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a fine of $50.00 assessed by the Criminal District Court of Jefferson County.

We are concurring in the final conclusion reached by the State's attorney in this case and adopting his reasoning in the main, finding it in accord with our own.

The facts show that Mr. Culpepper was manager of the Josey-Miller Company, which sold feed. He had general charge

of all of this concern's business in Jefferson County. On the 22nd of March the manager for Lohman Brothers' Dairy ordered feed from the Josey-Miller Company. The feed was subsequently delivered on a truck of the Josey-Miller Company to the dairy. An agent of the Department of Agriculture for the State was present and weighed a big portion of the feed that was delivered. In the aggregate, there was a shortage in the weight of the feed delivered in contrast to that which was represented as the weight on the sacks. It appears that the weighing was not done by Culpepper but that another actually had charge of weighing feed, yet it does not appear who weighed the feed, if anyone, before its delivery.

Appellant makes the contention that the Criminal District Court of Jefferson County did not have jurisdiction of the offense because the highest penalty possible under the statute upon which the prosecution was based was a fine of $100.00. The prosecution arose under Article 1037 of the Penal Code, as amended in 1929. A new statute went into effect in October, 1941. The statute as amended does not change the penalty. However, the new statute does take care of one defect in the allegations in the indictment that will be noticed later.

The Criminal District Court of Jefferson County was created by the 41st Legislature, Acts of 1929, Chapter 170, page 374, now Article 52-160, Code of Criminal Procedure. In Section 1 of this Act it is provided that the Criminal District Court shall have original and exclusive jurisdiction of all crimes of the grade of a felony and shall have concurrent jurisdiction with the County Court of Jefferson County at Law of misdemeanor cases as is hereinafter provided by this act. Thereafter, in Section 2, it is provided that the Criminal District Court shall have and exercise concurrent jurisdiction with the County Court of Jefferson County at Law in all misdemeanor cases of which the County Court at Law of Jefferson County may now or may hereafter have exclusive jurisdiction. The Jefferson County Court at Law was established by the Acts of 1915, Chapter 29, page 51, and was given jurisdiction in all matters civil and criminal over which, by the General Laws of the State, the County Court of said county would have jurisdiction. Under the general statutes the county court at such time had jurisdiction in all misdemeanors of which exclusive original jurisdiction was not given the justice court and when the fine to be imposed shall exceed $200.00. Article 56, Code of Criminal Procedure. The justice court had jurisdiction in all misdemeanor cases where the fine to be imposed by law could not exceed

$200.00. Under this law the justice court and the county court had concurrent jurisdiction of cases where the fine could not exceed $200.00. Patterson v. State, 56 S. W. (2d) 458; Kugle v. State, 59 S. W. (2d) 417; Young v. State, 141 S. W. (2d) 315. After the jurisdiction of the County Court of Jefferson County was transferred to the Jefferson County Court at Law then the justice courts of Jefferson County and the County Court at Law had concurrent jurisdiction of offenses where the fine which might be imposed did not exceed $200.00. The exclusive jurisdiction of misdemeanor cases in the County Court at Law of Jefferson County was only in those cases where the fine might be imposed exceeded $200.00. The Act creating the Criminal District Court of Jefferson County therefore vested jurisdiction in it to try misdemeanor cases concurrently with the County Court at Law of those misdemeanors that had previously been exclusively within the jurisdiction of the County Court at Law. See Durst v. State, 215 S. W. 221; Rochelle v. State, 232 S. W. 838; 12 Texas Jurisprudence, Section 114, page 391. Since the statute in this case allowed a possible fine of no more than $100.00 for the first offense, the jurisdiction was in the County or Justice Court and not in the Criminal District Court.

It is also contended by the appellant, by bill of exception No. 2 that the trial court erred in overruling the motion to quash the indictment on the ground that it did not allege the weighing device by which the feed was sold was under the control of Culpepper, the person charged with the offense, the contention being that Article 1037, before the amendment in 1941, required that the weighing device by which the weight was determined be shown to be under the control of the person charged with the offense. We have found no authorities construing this statute but we are inclined to agree with this contention. The following quotation from Article 1037 is particularly noted:

"Any person who, by himself or his servant or agent of another person * * * shall sell or offer or expose for sale less than the quantity he represents of any commodity, thing or service, or shall take or attempt to take more than the quantity he represents of any commodity, thing or service when, as the buyer or seller of any commodity, he furnishes the weight, measure, or weighing or measuring device by means of which the amount of any commodity, thing, or service is determined * * * * *."

It would seem that the term "When as buyer or seller of any commodity, he furnishes the weight, measure, or weighing or measuring device" refers not only to a person when he is the

buyer of the commodity but also when he is the seller or when he represents or offers the commodity for sale. It would seem essential to the offense, and thus would have to be alleged in the indictment, that he be in control of the measuring device.

It is also contended by the appellant that the statute does not provide for the prosecution of the agent and that the indictment alleges and the proof shows that the appellant was merely acting as agent of the Josey-Miller Company. However, a reading of the statute provides that any person who by himself or by his servant or agent of another person shall do the forbidden acts shall be prosecuted. Of course, this includes the agent as well as the person for whom he was working. It includes all persons who may have had any connection with the forbidden act. The mere fact that the agent may have been required by his principal to perform the act does not prevent his being liable. Cassi v. State, 216 S. W. 1099; 2 Texas Jurisprudence, Section 233, pages 657 and 658. Article 1037 has now been amended and its wording changed so that this allegation would not be required in an indictment hereafter. See Article 1037, Penal Code, as amended by the Acts of the 47th Legislature, 1941, Chapter 624, page 1374.

Questions raised by the appeal which are not discussed have been concluded against appellant and are not treated because of the reversal and order to dismiss the case.

Judgment of the trial court is reversed and the cause will be transferred by the Criminal District Court to the County Court at Law. For the reasons stated, it is further directed that the court having jurisdiction to do so will dismiss the prosecution. Arts. 419 and 420, Vernon's Ann. C. C. P.