

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 17, 1957

Honorable Wayland G. Holt
District Attorney
132nd Judicial District
Snyder, Texas

Opinion No. WW-279

Re: Jurisdiction of Justice
Courts of Borden County
in misdemeanor cases.

Dear Mr. Holt:

You have requested our opinion on the following question:

"In the absence of a special statute increasing the jurisdiction of the County Court (of Borden County), does the County Court have jurisdiction concurrent with Justice Courts in misdemeanor criminal cases where the maximum punishment is a fine of $200.00 or less?"

You state in your request that a vacancy exists in each Justice Court in Borden County and that certain members of the Commissioners' Court do not want to fill these vacancies if the County Court has jurisdiction of cases referred to in your question.

The office of Justice of the Peace is a constitutional office created by the provisions of Section 18 of Article V of the Constitution of Texas. Vacancies in the office of Justice of the Peace are required to be filled by the Commissioners' Court by the provisions of Section 28 of Article V of the Constitution of Texas. Therefore, you are advised that it is the duty of the Commissioners' Court to fill the vacancies that exist in the offices of Justices of the Peace of Borden County, regardless of whether the County Court of Borden County has jurisdiction of cases referred to in your question.

Referring to your specific question, Article 51, Vernon's Code of Criminal Procedure, provides for criminal jurisdiction of Justice Courts.

Article 56, Vernon's Code of Criminal Procedure, provides:

"The county courts shall have original

Honorable Wayland G. Holt, Page 2 (WW-279)

jurisdiction of all misdemeanors of which ex-
clusive original jurisdiction is not given to
the justice court, and when the fine to be
imposed shall exceed two hundred dollars."

Article 60, Vernon's Code of Criminal Procedure,
provides:

"Justices of the peace shall have jurisdic-
tion in criminal cases where the fine to be
imposed by law may not exceed two hundred dollars."

In construing these provisions, it has been held
that the Justice Court and the County Court have concurrent
jurisdiction of cases where the fine could not exceed $200.00.
See Culpepper v. State, 172 S.W.2d 697, 698 (Tex.Crim. 1943);
Skaggs v. State, 247 S.W.2d 906 (Tex.Crim. 1952). Therefore,
you are advised in answer to your question that the County
Court has jurisdiction concurrent with Justice Courts in
misdemeanor cases where the maximum punishment is a fine of
$200.00 or less.

SUMMARY

It is the duty of the Commissioners' Court
to fill vacancies in the office of Justice
of the Peace even though the County Court
has concurrent jurisdiction with Justice
Courts of misdemeanors cognizable in
Justice Courts.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:jl

APPROVED:

OPINION COMMITTEE

George P. Blackburn, Chairman
J. C. Davis, Jr.
Ralph R. Rash
Morgan Nesbitt
Houghton Brownlee, Jr.

APPROVED FOR THE ATTORNEY GENERAL
BY: James N. Ludlum