In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-331 CR


____________________



ZAWON KAMEYON JOHNSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 95925






MEMORANDUM OPINION



 Pursuant to a plea bargain agreement, appellant Zawon Kameyon Johnson pled nolo
contendere to possession of a controlled substance (alprazolam) in an amount of less than
twenty-eight grams. See Tex. Health & Safety Code Ann. § 481.117(b) (Vernon 2003). 
The trial court imposed a sentence of two years of confinement in a state jail facility, then
suspended imposition of sentence, placed Johnson on community supervision for three years,
and assessed a $500 fine. The State subsequently filed a motion to revoke Johnson's
community supervision. Johnson pled "true" to violating five terms of the community
supervision order. The trial court found that Johnson violated the terms of the community
supervision order, revoked Johnson's community supervision, and imposed a sentence of
eighteen months of confinement in a state jail facility. In his sole issue on appeal, Johnson
argues the trial court lacked jurisdiction because the offense with which he was charged was
a class A misdemeanor rather than a state jail felony. (1) We interpret Johnson's issue as a
challenge to the legality of his sentence. We reverse and remand.

 The caption at the top of the indictment under which Johnson was charged indicated
that the alleged offense was a state jail felony. However, the charging language of the
indictment alleged that Johnson was charged with possession of alprazolam in an amount of
less than twenty-eight grams. The caption of an indictment is not part of the charging
instrument, and the offense charged within the charging instrument proper controls. See
Thibodeaux v. State, 628 S.W.2d 485, 487 (Tex. App.--Texarkana 1982, no pet.); 41 George
E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure 
§ 20.62 (2d ed. 2001). The charging language of the indictment alleged possession of
alprazolam in an amount of less than twenty-eight grams, which is a class A misdemeanor,
not a state jail felony. See Tex. Health & Safety Code Ann. § 481.104(a)(2)
(Vernon 2003) (defining alprazolam as a controlled substance in penalty group 3; Id.
§ 481.117(b) (providing that possession of alprazolam in an amount less than twenty-eight
grams is a Class A misdemeanor). Therefore, Johnson's sentence, which exceeded the
maximum punishment for a Class A misdemeanor, was void. See Tex. Pen. Code
Ann. § 12.21 (Vernon 2003) (confinement for a Class A misdemeanor cannot exceed one
year); Ex parte Pena, 71 S.W.3d 336, 336 n.2 (Tex. Crim. App. 2002) (A sentence not
authorized by law is void.). Accordingly, we reverse the trial court's judgment and remand
the cause to the trial court for further proceedings consistent with this opinion.

 REVERSED AND REMANDED.

 

 

 STEVE McKEITHEN

 Chief Justice

Submitted on April 29, 2008

Opinion Delivered May 14, 2008

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Section 4.05 of the Texas Code of Criminal Procedure provides that district courts
and criminal district courts have original jurisdiction of felony criminal cases and
misdemeanors that either involve official misconduct or are transferred to the district court
pursuant to article 4.17. Tex. Code Crim. Proc. Ann. arts. 4.05, 4.17 (Vernon 2005). 
Section 24.920(c)(2) of the Government Code, however, provides that the Criminal District
Court of Jefferson County has concurrent original jurisdiction with county courts at law of
misdemeanor cases. See Tex. Gov't Code Ann. § 24.920(c)(2) (Vernon 2004). Therefore, 
the trial court had subject matter jurisdiction of the case. See id. art. 4.05; Tex. Gov't Code
Ann. § 24.920(c)(2); Culpepper v. State, 146 Tex. Crim. 188, 172 S.W.2d 697, 698 (1943).