WILL BRITTON v. THE STATE.

No. 300.   Decided January 12, 1910.

**Carrying a Pistol—Insufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed that defendant carried the alleged pistol to and from a blacksmith shop with a view of having it repaired, and that the same was out of repair, the conviction could not be sustained.

Appeal from the County Court of Panola. Tried below before the Hon. W. R. Anderson.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Brooke & Woolworth,* for appellant.—Cited: Lewis v. State, 2 Texas Crim. App., 26; Lann v. State, 25 Texas Crim. App., 497; White v. State, 66 S. W. Rep., 773; Boissean v. State, 15 S. W. Rep., 118; Snider v. State, 43 S. W. Rep., 84; Underwood v. State, 29 S. W. Rep., 777.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted for carrying a pistol in violation of the law.

The evidence discloses that he carried the pistol to town and was seen by the witness Sparks with the pistol in his hand on his return from town; that it was a blue Colts 41-calibre; that there had been a little show in the town of Ragley where he, witness, and appellant had been. That he, witness, left Ragley about an hour by sun, and appellant overtook him on the way home, and had the pistol in his hand. This occurred on the first of May. The State further proved that about three weeks afterwards, by the witness Davis, that he traded with appellant for a blue Colts pistol, and that at that time it would shoot. The witnesses for appellant testified that at the time he was seen with the pistol going from Ragley that the pistol would not shoot, and that he carried it to town to have it fixed, that it was out of repair, and the cylinder would not revolve. The witness Davis said he did not know whether appellant had had the pistol fixed or not. Murphy testified in behalf of appellant that on the first of May appellant brought the pistol to him in the town of Ragley to have it fixed, that he examined it and found the pistol broken, that he could not move the cylinder or cock the pistol. He told appellant he did not have time to fix it that day, and told him to take it home. Houston Weaver testified that he was a blacksmith, and lived in the town of Timpson, and that on the 3d of May appellant brought the pistol to his shop to get it repaired, and left the pistol with the witness, and went away; that the pistol could not shoot, because the cylinder would not turn; that subsequently appellant came to the shop, and finding it would be a week or two before the pistol could be fixed on account of the fact that witness had to send away to get some parts that he did not have to repair the pistol, appellant declined to leave the pistol, and took it away. The witness Amos testified that he was in the town of Ragley on the first of May with appellant; that appellant had the pistol described by the other witnesses, and carried it to the blacksmith shop in Ragley to have it fixed; that the blacksmith could not fix it that day, and appellant did not leave it with the blacksmith, and asked the witness what he was to do with the pistol, that he wanted to go to the show, and did not want to take it with him. After deliberating about the matter, the witness suggested or advised appellant to hide it until the show was over, and then take it back home. That appellant did hide it behind some barrels on Ragley's gallery, and after the show he got the pistol; that the pistol would not shoot, and he knew that was the only pistol appellant had that day. We are of opinion that under the facts stated, that this was not a violation of the law. Appellant had the right to carry the pistol to the shop to have it repaired, and carry it home with him. It seems to be unquestioned that this was his purpose in carrying the pistol, and there is no contradiction of the

fact that it was out of repair and would not shoot. The State's witness knew nothing of the pistol further than the fact that he saw appellant with it in his hand as he overtook him on the road home.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*