## R. W. BUCKLEY v. THE STATE.

No. 2486.  Decided May 28, 1913.

Carrying Pistol—Defensive Theory—Misdemeanor—Charge of Court.

Where, upon trial of unlawfully carrying a pistol, the defendant presented evidence that he carried the pistol to his father's home where he lived, etc., and requested a special charge on said evidence which the court refused, the same was reversible error.

Appeal from the County Court of Sabine.  Tried below before the Hon. J. B. Lewis.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of the offense of unlawfully carrying a pistol, from which judgment he prosecutes this appeal.

There is but one question in the record that should be reviewed, did the court err in failing to give a special charge requested by defendant? In a misdemeanor case the court is not required to charge the jury unless requested so to do, but in the event he does do so, he should correctly present the law as applicable to that case, and if he does not do so, and the error in the charge is excepted to at the time and a special charge requested in regard to the matter, it will present such error as will necessitate a reversal of the case.  That appellant had a pistol is proven beyond question, in fact, is not denied by appellant, but he says he bought the pistol the evening before; that he was working for Mr. Howard, but his home was with his father; that the next morning when arrested he was taking the pistol to his father to get him to carry it to Bronson to get it repaired.  The court refused to submit this defensive plea in his charge, and refused the special charge in regard thereto, and it is such error as will necessitate a reversal of the case.

Reversed and remanded.

*Reversed and remanded.*