### JOHN CROCKETT v. THE STATE.

#### No. 5107.   Decided October 23, 1918.

**Carrying Pistol—Insufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed that the defendant was going directly home by the nearest route from a neighbor's house, where he had left it and who wanted to buy it, the conviction could not be sustained. Following Buckley v. State, 70 Texas Crim. Rep., 550, and other cases.

Appeal from the County Court of Jefferson. Tried below before the Hon. D. P. Wheat.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—This conviction was for unlawfully carrying a pistol.

Appellant, while walking on the street in company with two girls, was found in possession of a pistol. He explained his possession of it with testimony that he had some months before taken it to a refinery

at which he worked at the request of one of the guards who was guarding the property, the guard stating that he wanted to buy it. That he left it at the refinery, the guard laying it away where it remained until the day of the arrest, at which time appellant was on his way home taking the pistol with him, the guard having failed to buy it. The evidence shows that he was going directly home the nearest route. The Assistant Attorney General concedes the insufficiency of the evidence to sustain the conviction, and in this we agree with him. See Mangum v. State, 90 S. W. Rep., 31; Roberts v. State, 60 Texas Crim. Rep., 111; Buckley v. State, 70 Texas Crim. Rep., 550, 157 S. W. Rep., 765.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*