## Wallace v. Commonwealth.

(Decided January 12, 1923.)

### Appeal from Madison Circuit Court.

1. Weapons—Officers and Persons Aiding Them May Carry—Game Wardens.—A game warden is a ministerial officer within the meaning of section 1313, Kentucky Statutes, and may carry upon and about his person while in the discharge of his official duties a concealed deadly weapon.

2. Weapons—Officers and Persons Aiding Them May Carry.—Such officer is entitled to protection in going to and from the performance of his duties, and he may have upon or about his person a concealed deadly weapon in making such journey.

C. C. WALLACE, O. P. JACKSON and GEORGE T. ROSS for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

Appellant Wallace was convicted in the Madison circuit court of the offense of carrying on his person a concealed deadly weapon and fined and sentenced to serve a term in jail, and in addition was adjudged disfranchised for a period of two years. This appeal is prosecuted by him to reverse that judgment. A stipulation of fact was filed and the case submitted to the court, without a jury. The stipulation reads:

"1. The defendant, at the time of the commission of the crime in the indictment, was a duly commissioned game warden of the state of Kentucky.

"2. On the day of the alleged commission the defendant had gone from Irvine, through Richmond, to Boonesboro, in discharge of one of the duties of his office, and it was necessary for him to pass through Richmond on his return to Irvine, his home.

"3. At the time of the alleged offense, the defendant was arrested by police officers near Dance Hall, corner Irvine and Collins street, in Richmond, Kentucky, had been seen to come out of Dance Hall by officers, charged by them with being drunk, and upon which charge he was subsequently adjudged guilty by the judge of the Richmond police court and fined.

"4. At the time of the said arrest of defendant, he had concealed upon or about his person a deadly weapon, other than an ordinary pocket knife, to-wit, a pistol.

"5. Defendant had been in the city of Richmond for a period of one-half (questioned) hours (approximately)', and had no official duties to perform in said city of Richmond."

By section 1954c-6 it is provided that the Game and Fish Commission may appoint game wardens, whose jurisdiction shall be co-extnsive with the state. Appellant Wallace, according to the terms of the stipulation, was a duly appointed and commissioned warden at the time of his arrest. As such warden it was the duty of appellant Wallace to enforce all laws relating to the protection and preservation of fish, birds and game. See section 1954c-13. A warden may make arrests, and in doing so may summons persons to his aid. As shown by the foregoing section of the statutes it is the duty of a warden to seize game, birds and fish, found in the possession of persons who have killed the same out of season or in any way contrary to law, and to take nets, guns, dogs and all such instrumentalities as were employed to kill the game. Vested with such broad powers a warden must be regarded as a ministerial officer within the meaning of section 1313, Kentucky Statutes, providing that sheriffs, constables, marshals, policemen and other ministerial officers when necessary for their protection in the discharge of their official duties may carry concealed deadly weapons. Appellant had a warrant for the arrest of a person at Boonesboro and had made the trip from Irvine to Boonesboro for the purpose of making the arrest, and at the time of appellant's arrest was on his way back home, his nearest and most convenient route being through Richmond. He had, as any other police officer, the right to have a deadly weapon concealed on his person at the time of making the arrest, and obviously in going to and returning from the performance of such duties, if it were reasonably necessary for his protection. Ministerial officers required to be on the lookout for criminals and make arrests must be afforded protection and when such officer is in the discharge of such duties and has a warrant for the arrest of such person he comes clearly within the class of persons mentioned in section

1313, Kentucky Statutes, as exempt from prosecution for carrying concealed deadly weapons.

For the reasons indicated the judgment must be reversed with directions to dismiss the indictment.

Judgment reversed.