## T. L. ROBISON V. THE STATE.

### No. 9841.   Delivered February 10, 1926.

#### Carrying a Pistol—Night Watchman—Right to Carry.

While it is conceded that a night watchman while on duty has the right to carry a pistol on the premises he is watching, this right cannot be extended to the carrying of a pistol when such watchman is not on duty, and at a different place.

Appeal from the County Court of Reagan County.   Tried below before the Hon. W. W. Pittman, Judge.

Appeal from a conviction for carrying a pistol, penalty a fine of $100.00.

The opinion states the case.

*E. F. Vanderbilt* of Big Lake, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From conviction in the County Court of Reagan County for carrying a pistol, with punishment fixed at a fine of $100.00, appeal is taken.

The facts are not in dispute.   The only question is the law applicable thereto.   Appellant was employed by the Big Lake Oil Company as a night watchman.   We have no doubt of his right to carry a pistol during the hours and at the place of his said employment.   On the occasion forming the basis of this

prosecution he was in the village of Texon in the afternoon and he had the pistol on. The sheriff saw him and told him to take it off, and appellant told him he would. He went away but did not return.

The contention in behalf of appellant is that he was not subject to prosecution because of the fact that he was carrying the pistol on premises belonging to the Big Lake Oil Company. The village of Texon was located on property leased and under the control of the Big Lake Oil Company. The proof further showed that there was a deputy sheriff living at Texon who was supposed to be about in the daytime. Appellant testified that it was his business to watch the company's property at night.

We are of opinion that appellant's right to carry the pistol only lay within the bounds of his employment and during the hours that he was on duty. During such hours we think he was exempt under the law, but that he had no right to claim said exemption when seen around the town and village of Texon in the daytime. He does not claim that he had any such duties within his employment, or that he was engaged in any official duty at the time he was seen carrying the pistol.

The judgment will be affirmed.

*Affirmed.*