ALBERT DAVIS v. THE STATE.

No. 20047.  Delivered December 21, 1938.

The opinion states the case.

*J. A. Veillon* and *D. F. Sanders,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully carrying a pistol is the offense; penalty assessed at a fine of $100.00.

The State's testimony is to the effect that W. E. Bishop, a deputy constable, and a companion were riding in an automobile on Franklin Street in the city of Beaumont about two o'clock in the morning of May 8, 1938; that they saw the appellant who appeared to be driving an automobile in a reckless manner. They followed the appellant's car and "clocked him" at forty-five miles an hour down Franklin Street. As the appellant turned in on Johns Street, he was apprehended and arrested for speeding. Upon searching the appellant there was found upon his person a Colt .38-40 calibre pistol with a 7½ inch barrel. The pistol was loaded at the time. The appellant had the odor of liquor upon his breath. He was arrested and placed in jail. There were two women and a man in the car with the appellant.

The appellant testified that at the time of his arrest he was coming from Mr. Steinhagen's farm in the country where he had gone to collect some money from a boy who was to sell a pistol for the appellant. The boy had kept the pistol for three weeks and had failed to sell it. Appellant then brought the pistol back to town. While in the country, the appellant picked up a woman named Clara, who lived on Johns Street. He intended to take the woman to her house and then go on to his own home. When he turned in on Johns Street, he was arrested by the officer. Appellant testified that he was traveling about twenty miles an hour in a 1931 model "A" Ford car; that it would be "pretty hard" to get forty miles an hour out of the car.

Morris Gilbert testified that he was in the car with the appellant at the time of his arrest; that they had been out in the country to get a pistol from Ed Williams who was supposed to sell it for the appellant. Since Williams had failed to sell the pistol, the appellant brought it back to town with him. The witness testified that on their way back home, they picked up a girl who lived on Johns Street, and that as they turned in on said street for the purpose of taking the girl to her house, they were stopped by the officer. Gilbert testified that they were traveling about twenty miles an hour at the time they were apprehended.

No bills of exception appear in the record, but counsel for appellant, in their brief, earnestly insist that the trial court fell into error in refusing to give to the jury the following special charge requested by the appellant:

"You are instructed as a part of the law in this case that it is not against the law for a person to carry a pistol to his

home, provided that when he came in possession thereof, he must proceed from where he got it [to] his home by following the most practical and direct route without any unusual delay."

"If you believe from the evidence that the defendant went to [the] country and got this pistol from Ed Williams and was carrying the same home, following the most practical and direct route without any unusual delay, you will find the defendant not guilty, or if you have a reasonable doubt thereof you will give him the benefit of the doubt and acquit him."

The law is well established that a person may lawfully carry a pistol from his place of business to his home or from his home to his place of business, provided that the weapon is not habitually carried between those places and the purpose is a legitimate one. See 44 Tex. Jur., p. 472, Section 30.

It has also been held that if the pistol had previously been in his possession, a person may carry it to his home after he has had it repaired at a shop or has regained possession of it from a pawnbroker or from a prospective buyer. See Tex. Jur., supra; also Crockett v. State, 84 Texas Crim. Rep. 163, and cases cited.

Relative to the route of journey, we take the following quotation from 44 Tex. Jur., p. 473, Section 31:

"To come within the rule that it is not unlawful to carry a prohibited weapon for a legitimate purpose, * * * the route taken for the transportation must be a practical one, though not necessarily the shortest or most practical. It is essential also that the journey should proceed without undue delay or unnecessary or unreasonable deviation."

In the present instance, the evidence for the appellant shows that he went to the country to obtain his pistol from one Ed Williams, who had tried to sell it for the appellant; that while on his way home, the appellant intended to deliver a passenger in his car to her home on a certain street, and that while in the act of doing so he was apprehended by the officer. Under the circumstances we think the appellant was entitled to the charge requested.

The State's Attorney before this Court concedes that error was committed by the trial judge in failing to charge the jury on the appellant's defensive theory as set forth in the special requested charge quoted above.

Because of the error mentioned, the judgment of the trial court is reversed and the cause remanded.