

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 12, 1975

The Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H-549

Re: Authority of Port of
Houston Security Officers
to carry firearms

Dear Mr. Resweber:

You have requested our opinion concerning whether security officers employed by the Port of Houston Authority, formerly the Harris County Houston Ship Channel Navigation District, may carry handguns while on or off duty and whether detentions and arrests made by such security officers are valid and proper.

Section 46.02 of the Penal Code makes it unlawful to carry a handgun. However, section 46.03 renders this prohibition inapplicable to a person:

(1) in the actual discharge of his official duties as a peace officer, a member of the armed forces or national guard, or a guard employed by a penal institution;

(2) on his own premises or premises under his control;

(3) traveling; or

(4) engaging in lawful hunting or fishing or other lawful sporting activity.

The first three categories are essentially a restatement of prior law, See Practice Commentary to section 46.03, Vernon's Annotated Penal Code.

You have asked whether the security officers are exempted by subsections (1) or (2), and if so to what extent.

p. 2466

The definition section of the Penal Code defines "peace officer" as "a person so designated by the Code of Criminal Procedure, 1965." Penal Code § 1.07(a)(25). However, we do not believe that this definition by reference is intended to repeal other statutes specifically authorizing or designating certain persons as peace officers. Article 2.12 of the Code of Criminal Procedure itself does not state that it is intended to so repeal such designations. The rule is well established that enactment of a general law does not ordinarily operate as a repeal of a particular law by implication. 53 Tex. Jur. 2d Statutes § 110, and cases cited therein. See Attorney General Opinion H-522 (1975).

In our opinion, where a person is either designated as or authorized to act as a peace officer by specific statute, he is exempted from the provisions of section 46.02 by section 46.03(1), even though he is not listed in article 2.12.

Section 60.077 of the Water Code, which deals with the powers of navigation districts, provides:

> In prosecutions involving the enforcement of the provisions of this subchapter or the enforcement of any ordinance, rule, or regulation of the district, any sheriff, constable, or other duly constituted peace officer of the State of Texas or any peace officer employed or appointed by the commission may make arrests, serve criminal warrants, subpoenas, or writs, and perform any other service or duty which may be performed by any sheriff, constable, or other duly constituted peace officer of the State of Texas in enforcing other laws of this state.

It is our opinion that this section empowers a navigation district to employ peace officers. Of course, any peace officer appointed by a district must satisfy the requirements of article 4413(29aa). Section 6b of that article, specifically requires the completion of a basic course in law enforcement within one year of appointment. Attorney General Opinions M-966 (1971), M-767 (1971).

A peace officer appointed by a navigation district may therefore carry a handgun while "in the actual discharge of his official duties." Penal Code § 46.03(1). In our opinion, going to and from the place of performance of these

duties is a necessary incident of the "actual discharge of his official duties." Wallace v. Commonwealth, 246 S.W. 466 (Ky.App. 1923); 94 C.J.S. Weapons, § 9 at 496. A peace officer may carry his handgun to and from work so long as the route followed is practical. See Davis v. State, 122 S.W.2d 635 (Tex. Crim. App. 1938). However, section 46.03 (1) does not permit a peace officer to carry a handgun while off duty. Gandara v. State, 252 S.W. 166 (Tex. Crim. App. 1923); Jones v. State, 238 S.W. 661 (Tex. Crim. App. 1922).

Those security officers who have not been appointed peace officers or who have not met the requirements of article 4413(29aa) may carry a handgun while on premises under their control. Penal Code § 46.03(2); Attorney General Opinion H-185 (1973). In H-185 we stated that "a security guard may carry a handgun while on his employer's premises." Implicit within this authorization is a requirement that the security officer be on duty, for otherwise the premises are not under his control. See Robison v. State, 280 S.W. 776 (Tex. Crim. App. 1926). In addition, since this exception deals with "premises," it does not authorize the transporting of a handgun to and from work, and such habitual transportation of a handgun is prohibited under the case law. Cortemeglia v. State, 505 S.W.2d 296 (Tex. Crim. App. 1974); Davis v. State, 122 S.W.2d 635 (Tex. Crim. App. 1938).

Your final question concerns the validity of detentions and arrests made by the security officers. Where a security officer has been appointed a peace officer he is empowered to make arrests. Code Crim. Proc., ch. 14. In addition, section 60.077 of the Water Code expressly empowers peace officers appointed by a navigation district to make arrests. See Code Crim. Proc. art. 14.01(a) (in regard to the authority of persons who are not peace officers to make arrests.)

## S U M M A R Y

The Port of Houston Authority may appoint and employ peace officers and such officers may carry a handgun while in the actual discharge of their duties.

Security officers who are not peace officers may carry a handgun while on duty on the premises of the Authority.

Authority peace officers can make valid arrests.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee