**Clyde Wayne PETTIT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0016–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 25, 1981.

James Stafford, Houston, for appellant.

John B. Holmes, Dist. Atty., Timothy Taft, Asst. Dist. Atty., Houston, for appellee.

Before WARREN, DUGGAN and STILLEY, JJ.

STILLEY, Justice.

The appellant was convicted of carrying a handgun under Section 46.02 of the Texas Penal Code. The jury assessed punishment at a fine $150.00 and 30 days confinement in jail, probated for one year. We affirm.

The appellant is a licensed firearms dealer pursuant to the Gun Control Act of 1968, 18 U.S.C.A. Section 921 et seq. He argues that by virtue of that fact, he legally lacked the requisite intent to violate the law. Further, he contends he was entitled to a requested charge establishing as a defense to the crime of unlawfully carrying a weapon that one is a licensed dealer carrying the firearm within the ambit of that license.

In Section 46.03 Tex. Penal Code, the legislature lists specific persons or classes of persons who would be exempt from prosecution under Section 46.02, and thus have a defense to such a charge. For whatever reasons, the legislature failed to include licensed firearms dealers. The judiciary cannot subvert legislative intent and, on its own volition, create new exemptions where the legislature has made clear to whom the law should apply. Appellant points to cases where the courts have enlarged the scope of legislative exemptions to carrying a handgun. However, in each case cited, the court merely recognized logical extensions to give effect to those exemptions already created by the legislature. For instance, the legislature in Section 46.03(2) declared that one could carry a weapon on his own premises. To insure that this intent be given full effect, the courts reasoned and decided that one can carry a gun from one residence to another when he moves. *Johnson v. State*, 571 S.W.2d 170 (Tex.Cr.App.1978). Another example occurred when the courts held that one can carry a weapon to have it repaired. *Britton v. State*, 57 Tex.Cr.R. 583, 124 S.W. 684 (1910). The courts, though, have not created a total exemption to the statute that was not already in existence by mandate of the legislature.

Appellant relies on *Barrett v. United States*, 423 U.S. 212, 96 S.Ct. 498, 46 L.Ed.2d 450 (1976) as standing for the proposition that 18 U.S.C.A., Section 923(c) applies to intrastate, as well as interstate transportation of firearms, thus giving him a right to carry weapons in the State of Texas. *Barrett* does state that the Gun Control Act of 1968 applies to intrastate as well as interstate commerce, but in the context that one dealing solely in intrastate buying and/or selling is not exempt from the licensing requirement of the Act. Neither does the Act grant him authority to sell a firearm to a convicted felon. *Barrett* does not authorize one to carry a weapon contrary to a state law if his purpose in carrying the weapon was to deal in intrastate commerce pursuant to a firearms license.

Appellant fails to recognize that the license, as offered into evidence, contains the warning that:

> This license is not a permit to carry a concealed weapon nor does it confer the right or privilege to conduct business contrary to State law or any other law.

The Court of Appeals held in *Davis v. State*, 135 Tex.Cr.R. 659, 122 S.W.2d 635 (1938) that a person may lawfully carry a pistol from his place of business to his home or from his home to his place of business, provided that the weapon is not habitually carried between those places and the purpose is a legitimate one. Further, the route taken must be a practical one and the journey must proceed without undue delay or unnecessary or unreasonable deviation. See also *Cortemeglia v. State*, 505 S.W.2d 296 (Tex.Cr.App.1974). The facts of the present case indicate that appellant did not take a practical route home from his business in that he first went to the bank, then to the Corvette Center, then to the Bunny Club, and would have gone Christmas shopping had he not been apprehended by the police. The Gun Control Act contemplates obedience to relevant state statutes, and appellant cannot assert that he is here wrongly precluded from carrying a weapon pursuant to his federal license to deal in firearms under Texas law.

The judgment of the trial court is affirmed.