**Jack Junior FREEMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–89–00092–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 22, 1990.

Jimmy D. Ashley, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Lester Blizzard, Shane Phelps, Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and MIRABAL and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

A jury found appellant guilty of the misdemeanor offense of carrying a handgun. Appellant pleaded "true" to an enhancement paragraph of the information, and the court assessed punishment at 90 days confinement in the Harris County jail. Appellant asserts three points of error.

On April 4, 1986, peace officers Patrick Dailey, a criminal investigator with the domestic violence unit of the Harris County Family Criminal Law Division, and John Thornton, a criminal investigator for the Harris County district attorney's office, went to appellant's residence to serve a misdemeanor warrant for his arrest. Finding no one there, they set up surveillance of the residence from a block away.

When appellant drove past them approximately 40 minutes later, the investigators pulled behind him, followed him to his residence, and turned behind him immediately when he drove into his driveway. Dailey walked immediately to the driver's door, identified himself as a peace officer, and asked appellant if his name was Jack Junior Freeman; appellant responded affirmatively. Dailey then advised him that he had a warrant for his arrest, instructed him to step out of the vehicle, and told him to put his hands on top of his vehicle. In accordance with standard procedure, the two officers searched appellant for weapons. During the pat down, appellant told the investigators that he had a pistol in his pocket. Dailey then felt a hard object in appellant's right front pants pocket, reached into the pocket, and discovered a handgun. Appellant was on his own premises when the pistol was discovered, and Dailey and Thornton never saw him possess it before the arrest and search. During the short distance the officers followed him along the street in his automobile, appellant made no furtive gestures or movements other than those associated with driving.

When the State rested, appellant moved for an instructed verdict of "not guilty" based on Tex.Penal Code Ann. § 46.03(a)(2) (Vernon 1974), which provides that the offense of carrying a handgun, proscribed in Tex.Penal Code Ann. § 46.02 (Vernon 1974), does not apply to a person "on his own premises or premises under his control." The trial court denied appellant's motion for instructed verdict.

Thereafter, appellant testified that on the morning of his arrest, he learned that a building he leased had been broken into. He picked up his pistol and went to secure the burglarized building. He testified that he carried a handgun only occasionally, that he was en route to return his pistol to his bedroom in his residence when he was arrested, and that he took the most direct route to and from the business.

In rebuttal, the State called Shirley Freeman, who was divorced from appellant on December 1, 1986, about eight months after the offense. Shirley testified that appellant carried weapons with him "all the time," and that during the two years before their divorce, she knew him to take a handgun to work with him, and to carry a handgun habitually to places other than business. "He always had a handgun," she said. Appellant called as his final witness, Stuart McKenty, president of a corporation appellant owned. McKenty testified that appellant carried a handgun on a few occasions going to his businesses, but that he would not describe it as habitual.

■ In his first point of error, appellant alleges the trial court erred in overruling his objection of spousal privilege to his ex-wife's testimony that he habitually carried a weapon, because allowing her testimony was violative of federal and state

prohibitions against ex post facto laws. U.S. Const. art. I, § 10, cl. 1; Tex. Const. art. I, § 16. Appellant argues that former Tex.Code Crim.P.Ann. art. 38.11 (Vernon 1979)[1] applies to his case rather than Tex. R.Crim.Evid. 504(2)(a), because the alleged offense occurred on April 4, 1986, prior to the September 1, 1986 effective date of the Texas Rules of Criminal Evidence.

This point has been recently addressed in *Medrano v. State*, 768 S.W.2d 502 (Tex. App.—El Paso 1989, pet. ref'd). In concluding that, as of its effective date, Tex.R. Crim.Evid. 504 applies to litigation, the court reasoned:

> Procedural statutes control litigation from their effective dates. *Wade v. State*, 572 S.W.2d 533 (Tex.Crim.App. 1978). The evidentiary changes referred to in *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798), and *Ex parte Abahosh*, 561 S.W.2d 202 (Tex.Crim.App. 1978), deal with changes in the nature of evidence necessary for conviction. That does not include procedural changes in rules of admissibility of evidence. *Tumlinson v. State*, 757 S.W.2d 440 (Tex. App.—Dallas 1988, [pet. ref'd]).

*Id.* at 504. Further, the Texas Court of Criminal Appeals has expressly noted that Tex.R.Crim.Evid. 504 controls at the time of trial, even in cases that were initially tried prior to the effective date of the Texas Rules of Criminal Evidence under article 38.11, and later retried upon remand after the effective date. *Willard v. State*, 719 S.W.2d 595, 600–601 (Tex.Crim.App.1986) (article 38.11 controlled on appeal, but in the event of retrial, the wife may be permitted to testify under Tex.R.Crim.Evid. 504).

Appellant contends that to allow his former spouse to testify, when she would not have been so allowed under article 38.11, lets the State, by virtue of a change in the rules of evidence, obtain a conviction on less or different testimony than the law required at the time of the commission of this offense. This, he argues, is ex post

facto and violative of his federal and state constitutional rights.

The Texas Rules of Criminal Evidence govern the trial of the present case, even though the offense occurred before their effective date, because Tex.R.Crim.Evid. 504 is a procedural change in the rules of admissibility of evidence. Rule 504 does not allow less or different testimony in order to convict than the law required before the commission of the offense. Rather, the class of witnesses eligible to testify at trial has been enlarged. *See Tumlinson*, 757 S.W.2d at 442–43 (the rule change as to the psychotherapist-patient privilege did not deprive the accused of a substantial right which he enjoyed at the time of the offense, and posed no ex post facto problems; amendment simply enlarged the class of witnesses eligible to testify at trial).

Appellant's first point of error is overruled.

In his second point of error, appellant asserts that the trial court erred by allowing his former spouse, Shirley, to testify under Tex.R.Crim.Evid. 504(2)(a) to a privileged communication made during the marriage. Rule 504(2)(a) states that the "rule does not prohibit the spouse from testifying voluntarily for the state, even over objection by the accused."

 Once a marital relationship is terminated by divorce, a witness is no longer disqualified from testifying against a former spouse. *Briddle v. State*, 742 S.W.2d 379, 390 (Tex.Crim.App.1987), *cert. denied*, — U.S. ——, 109 S.Ct. 543, 102 L.Ed.2d 573 (1988); *Bruni v. State*, 669 S.W.2d 829, 834 (Tex.App.—Dallas 1984, no pet.). Appellant agrees with this proposition, but asserts that while divorce removes the bar of disqualification, or incompetency, it does not terminate the privilege for confidential communications made during the marriage.

 This is a correct statement of the rule. *See Bear v. State*, 612 S.W.2d 931, 932 (Tex.Crim.App. [Panel Op.] 1981); *Bru-*

---

1. Ch. 399, sec. 2(A), 1973 Tex.Gen.Laws 968, 972–73, *repealed by*, ch. 685, sec. 9(b), 1985 Tex.Gen.Laws 2472, 2474.

*ni*, 669 S.W.2d at 834. However, the privilege extends only to utterances, not acts. *Pereira v. United States*, 347 U.S. 1, 7, 74 S.Ct. 358, 362, 98 L.Ed. 435 (1954). Since testimony relating to actions is not protected under the spousal communication privilege, Shirley's testimony regarding appellant's conduct in habitually carrying a handgun was not privileged and was properly admitted. *United States v. Koehler*, 790 F.2d 1256, 1258 (5th Cir.1986) (testimony by defendant's wife concerning violent acts by her husband were not confidential communications subject to spousal communication privilege). The trial court did not err in admitting Shirley's testimony.

Appellant's second point of error is overruled.

■ By his final point of error, appellant asserts that the trial court erred in denying his second motion for instructed verdict, urged at the close of evidence, for the reason that there was no evidence to rebut his defense to the offense charged. Appellant asserted the defense that he was carrying the weapon from one of his places of business to his home, that he took the most expeditious route home, and that he did not habitually carry the weapon to and from his place of business.

In addition to the statutory defenses provided by Tex.Penal Code Ann. § 46.03 (Vernon 1974), there are a number of judicially recognized defenses to the offense charged. One of the case law defenses is that a party "has a right to carry his pistol home, to his residence, or his place of business under legitimate circumstances." *Inzer v. State*, 601 S.W.2d 367, 368 (Tex.Crim. App.1980); *Hopkins v. State*, 753 S.W.2d 413, 415 (Tex.App.—Houston [14th Dist.] 1987, no pet.). However, the weapon must not be carried habitually between those places, and the purpose for carrying the weapon must be legitimate. *Davis v. State*, 135 Tex.Crim. 659, 122 S.W.2d 635, 636 (1938); *Anguiano v. State*, 706 S.W.2d 759, 762 (Tex.App.—San Antonio 1986, no pet.).

As in all criminal cases concerning insufficient evidence points of error, this Court must examine the evidence in the light most favorable to the verdict, and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex. Crim.App.1989).

Appellant asserts that because the testimony of his former spouse was erroneously admitted, the State did not offer any competent evidence to rebut his defensive theories. However, as we held in point of error two, the trial court properly admitted the testimony of appellant's former spouse. Accordingly, the evidence was sufficient to rebut appellant's defensive theories, and to support the jury's finding that appellant habitually carried a weapon.

Appellant's third point of error is overruled.

The judgment is affirmed.