IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-071-CR




TERRY KEITH CHARPING,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY, 



NO. 2C90-94,765, HONORABLE JOHN BARINA, JUDGE PRESIDING


 





PER CURIAM

 The trial court found appellant guilty of unlawfully carrying a handgun and assessed
punishment at incarceration for thirty days and a $300 fine, probated. Tex. Penal Code Ann. §
46.02 (1989). Appellant contends the evidence is insufficient to sustain the conviction. We
disagree and affirm.

 A car driven by appellant was stopped for speeding by a Department of Public
Safety officer. A loaded .45 caliber automatic pistol was found in a pocket on the driver's side
door. Two magazines with bullets were found in the glove compartment. The officer also found
in the vehicle a shotgun and an illegal knife. When questioned by the officer, appellant stated that
he had the pistol because he worked for a pawn shop and often carried a large amount of cash. 
Appellant acknowledged, however, that he did not have a large amount of money in the car at that
time.

 At trial, appellant testified that he had been target practicing at his home. He
ordinarily kept the pistol in a safe in his office, and was on his way there when stopped by the
officer. Appellant contends that he should have been acquitted because the State failed to disprove
this testimony.

 A person has the right to carry a handgun to his home or to his place of business. 
Inzer v. State, 601 S.W.2d 367 (Tex. Crim. App. 1980); Johnson v. State, 571 S.W.2d 170 (Tex.
Crim. App. 1978); Freeman v. State, 786 S.W.2d 56 (Tex. App. 1990, no pet.). See also Tex.
Penal Code Ann. § 46.03(a)(3) (1989). This exception is a defense to prosecution for unlawfully
carrying a weapon. Tex. Penal Code Ann. § 2.03(e) (1974). Assuming appellant's testimony was
sufficient to raise the defense, the State had no duty to controvert the defensive testimony. 
Johnson, 571 S.W.2d at 173; Ayesh v. State, 734 S.W.2d 106 (Tex. App. 1987, no pet.). The
trial court was not required to believe appellant's testimony as to his reason for carrying the
pistol, even if it was not controverted. Porter v. State, 388 S.W.2d 422 (Tex. Crim. App. 1965).

 The judgment of conviction is affirmed.


[Before Justices Powers, Jones and B. A. Smith]

Affirmed

Filed: November 6, 1991

[Do Not Publish]