## AUSTIN TERM, 1895.

### W. G. CHAMBERS v. THE STATE.

#### *No. 565.    Decided April 3.*

**Unlawfully Carrying a Pistol.**—Where, on a trial for unlawfully carrying a pistol, defendant claimed to be carrying the weapon from his place of business to his home, but his own evidence showed he was in the habit of carrying a pistol between the two places, *Held,* a person has the right under the statute to carry a pistol at his home and at his place of business, but this court is not inclined to extend a construction of the statute so as to embrace an habitual carrying between one's home and his place of business.

APPEAL from the County Court of McLennan. Tried below before the Hon. W. H. JENKINS, County Judge.

Appellant was convicted of unlawfully carrying a pistol, and his punishment assessed at a fine of $25.

The facts are sufficiently stated in the opinion.

*J. E. Yantes,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant was convicted in the County Court of McLennan County of unlawfully carrying a pistol, and his punishment assessed at a fine of $25, and from the judgment in the case he prosecutes this appeal.

The only question in the case that requires consideration is the defense made by the appellant as to his right to carry the pistol. The evidence in this case shows, that when he was found with a pistol he claimed to be carrying the same from his place of business to his home. His own testimony further shows, that he was in the habit of carrying the pistol from his said place of business to his home, which was in a different part of the town of Waco. We have examined the authorities cited by appellant to sustain his contentions. Mangum v. The State, 15 Texas Criminal Appeals, 362, is a case where defendant found a pistol while on his way to church, and carried the same to church,

and afterwards was found with it on his way home.   Pressler v. The State, 19 Texas Criminal Appeal, 53, authorizes the carrying of a pistol from the place of purchase to the home of the purchaser, and to the same effect is West v. The State, 21 Texas Criminal Appeals, 428. Boisseau v. The State (Texas Criminal Appeals), 15 Southwestern Reporter, 118, is a case where defendant carried a pistol from his residence to his place of business for the purpose of cleaning it.   In Campbell v. The State, 28 Texas Criminal Appeals, 44, the appellant moved from a temporary residence in one county, and carried his pistol with him to a permanent residence in another county, and it was held that this was not a violation of the statute.   Sanders v. The State (Texas Criminal Appeals), 20 Southwestern Reporter, 556, also cited by appellant, is a case where defendant testified that he was carrying a pistol from his residence to his place of business, for the purpose of permitting the owner to redeem it.   This defense was allowed, but there was other evidence in the case showing the contrary, and defendant was convicted.   The court says in that case:   "While the question of intent or honesty of purpose, in a proper case, may excuse or justify carrying a pistol, yet such matters can not be simulated for the purpose of evading or violating the law.   If the defense is an honest one, and supported by the facts, and there is no evidence tending to impeach it, the jury should acquit; and under such circumstances, if a conviction be secured, it should not be permitted to stand."   In the case before us, as before stated, the defendant himself testified that he was in a habit of carrying his pistol between his place of business and his residence, and when found with his pistol he was so carrying it.   The court submitted the special charge asked by defendant on this subject, but qualified same by stating that if he was in the habit of so carrying his pistol, and that he was carrying it on the occasion in pursuance of his habit, they would convict him.   In this we see no error.   The defense here set up has never been recognized by any decided case of this court.   A person has a right, under the statute, to carry a pistol at his home and at his place of business, and there may be legitimate occasions for his carrying the same between said places—such as have been decided by this court—but we are not inclined to extend a construction of the statute so as to embrace an habitual carrying between one's home and his place of business.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.