**Luke A. CORTEMEGLIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 48076.

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

Rehearing Denied Feb. 27, 1974.

A. J. Piranio, Dallas, for appellant.

Henry Wade, Dist. Atty., John H. Hagler, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

QUENTIN KEITH, Commissioner.

Appellant was convicted of unlawfully carrying a pistol and fined $100.

Appellant was arrested for driving while intoxicated and the police found a pistol in the glove compartment of his car. Appellant testified that he had gone to his place of business in order to take home for safekeeping the cash and checks he had there and took the pistol along for protection. When arrested, he had approximately $14,000 in cash and checks in the car, a fact verified by the arresting officers. Appellant also testified that he was proceeding in the most practical route without deviating therefrom. He was asked on direct examination:

"Q  Now, do you often carry this pistol with you?

"A  Just—just when I have that sum of money, which is on Friday night.

It's usually cash and checks; we cash a lot of checks at the store.

"Q Yes, sir.

"A And that's when I pick it up. I take it home. That's when I take my pistol.

"Q All right.

"A And the next morning when I bring it back, or Monday morning really, because the banks aren't open until Monday, and on Monday I return my money to the store with my pistol and then count my money and make my deposit on Monday at the bank.

"Q And leave your pistol at the store.

"A That's true. I don't—

"Q And it will stay there until the next time that you have—

"A Until the next time I have a large sum of money to take home."

At the conclusion of the evidence, the trial court remarked:

"In the pistol case, the Court can be very sympathetic with his position again, and even though he testified he didn't do it habitually, he testified he did it every Friday when he carried the money, and that is habitually under the law and the Court has no prerogative except to find him guilty in that case under his own testimony."

Appellant relies upon Boyett v. State, 167 Tex.Cr.R. 195, 319 S.W.2d 106, 107 (1958), from which this quotation is taken:

"There is authority to the effect that ordinarily one is authorized to carry a pistol from his place of business to his home when he has on his person a con-

siderable sum of money and when not deviating from the nearest or most practical route . . . [citations omitted]." [1]

He also seeks to obtain the benefit of the foregoing rule by distinguishing Kirkwood v. State, 488 S.W.2d 824 (Tex.Cr. App.1973), on the ground that the trial court in this case found that appellant was within the *Boyett Rule;* whereas in *Kirkwood,* there was no such finding.

■ There is a well recognized exception to the doctrine stated in *Boyett:* if the carrying of the pistol from the place of business to the home is habitual, it is not within the rule. This exception apparently entered the law in Chambers v. State, 34 Tex.Cr.R. 293, 30 S.W. 357 (1895),[2] where the Court said:

"A person has a right, under the statute, to carry a pistol at his home and at his place of business, and there may be legitimate occasions for his carrying the same between said places,—such as have been decided by this court,—but we are not inclined to extend a construction of the statute so as to embrace an habitual carrying between one's home and his place of business."

This exception has continuing vitality. See, e. g., Smith v. State, 149 Tex.Cr.R. 7, 190 S.W.2d 830 (1945), and Davis v. State, 135 Tex.Cr.R. 659, 122 S.W.2d 635 (1938), both of which include the habitual exception and are cited in *Boyett,* supra.

■ The trial court found that appellant habitually carried the pistol—doing so on each Friday when he had a large sum of money—and was not within the exception announced in *Boyett* but within the rule of *Chambers,* supra. We are not pointed to any case which supports appellant's conten-

1. This case was tried before the effective date of the new Penal Code and we express no opinion as to the effect Title 10, Ch. 46, Secs. 46.-01 et seq., Acts 1973, 63rd Leg., Ch. 399, p. 962, may have upon the rule of law enunciated in *Boyett,* supra.

2. One week before *Chambers* was handed down, a similar result was reached in a very short opinion reported as Skeen v. State, 30 S.W. 218 (Tex.Cr.App.1895), although it is not mentioned in *Chambers.*

tion that this regular carrying of the pistol was not habitual. The definitions employed by this court in other fact situations are not dispositive.[3]

Under appellant's own testimony, he carried the pistol on Friday nights, and the trial court correctly held that he was not entitled to the defense of the *Boyett Case.* The judgment of the trial court is affirmed.

Opinion approved by the Court.

---

3. See, e. g., Moore v. State, 111 Tex.Cr.R. 461, 14 S.W.2d 1041 (1929), charging a child with habitually wandering about the streets at night; Campbell v. State, 456 S.W.2d 918, 922 (Tex.Cr.App.1970), where the dictionary definitions of " 'habit' " are set out and the taking of one " 'redbird' " was not habitual in violation of the terms of probationary conditions. See also, Marshall v. State, 466 S.W. 2d 582, 583 (Tex.Cr.App.1971), following *Campbell,* supra.