Aslam Pervez **MOOSANI**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–92–00975–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 18, 1993.

Rehearing Denied Dec. 9, 1993.

Frank Hughes, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before MURPHY and ROBERTSON, JJ., and ROBERT E. MORSE, Jr., Former Justice (sitting by designation).

### OPINION

ROBERT E. MORSE, Jr., Former Justice (Sitting by Designation).

This is an appeal of a bench trial conviction for unlawfully carrying a weapon. Appellant Moosani complains that the evidence was insufficient, that the trial court misconstrued the law, and that the special judge did not have jurisdiction to hear the case. We affirm.

Detective Alonso Craft observed Moosani failing to signal a turn at an intersection. Craft followed Moosani into the parking lot of Moosani's place of business, an RCS Food Store. Moosani opened the door to his car, and Craft could see in plain view a revolver in a door panel compartment. Craft seized the pistol and arrested him for the unauthorized carrying of a weapon.

At trial, Moosani testified that he carried the pistol between his home and place of business because he frequently carried large sums of money. He said that the store had been robbed in the past. On the day of his arrest, Moosani had taken the gun from his home, driven directly from home to work, and would have taken the gun inside the store had not the gun been seized. He averred that, although he carried the gun almost every workday, he carried it only to and from work. He did not otherwise have the gun in his car. He stated that he was not carrying a large sum of money on the day of his arrest. Moosani's employer testified that Moosani did not act as a security guard, but that Moosani did carry large sums of money as part of his duties as night manager. Detective Craft testified that there was gang activity in the part of town where the store was located.

In point of error one, Moosani complains that the evidence was factually insufficient. He argues that he had the burden to prove an exception to the § 46.02 prohibition against carrying a weapon. Therefore, he contends, we must perform a factual sufficiency analysis on that issue. We find that a factual sufficiency analysis is inappropriate.

We can inquire into the factual sufficiency of evidence when examining whether an appellant proved his affirmative defense or other fact issue where the law has designated that the defendant has the burden of proof by a preponderance of the evidence. *Mukes v. State*, 828 S.W.2d 571, 573 (Tex.App.—Houston [14th Dist.] 1992, no pet.), citing *Meraz v. State*, 785 S.W.2d 146, 154–55 (Tex.

Crim.App.1990). In such event, we consider all the evidence relevant to the issue and reverse only if the judgment is so against the great weight and preponderance of the evidence so as to be manifestly unjust. *Id.* In all other instances, we must follow the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979). *Id.* at 574.

"A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club." TEX.PENAL CODE ANN. § 46.02 (Vernon 1989). There is a statutory exception for a person carrying a weapon on his own premises or premises under his control. *Id.* § 46.03 (Vernon Supp.1993). Case law has established that a person may carry a pistol from his place of business to his home or from his home to his place of business provided (1) the weapon is not habitually carried between those places, (2) the purpose for carrying the weapon is legitimate, e.g., protection when carrying a large sum of money, (3) the route taken is a practical one, and (4) the journey proceeds without undue delay or unnecessary or unreasonable deviation. *Pettit v. State*, 627 S.W.2d 453, 455 (Tex.App.—Houston [1st Dist.] 1981, no pet.).

An exception to § 46.02 is a "defense" not an "affirmative defense." Seth S. Searcy III & James R. Patterson, Practice Commentary, TEX.PENAL CODE ANN. § 46.03 (Vernon 1989). While a defendant has the burden to raise a defensive issue, once raised, the State must disprove it beyond a reasonable doubt. *Id.; see also Johnson v. State*, 571 S.W.2d 170, 173 n. 4 (Tex.Crim.App.1978). Here, the State has the burden to prove the elements of Moosani's offense and disprove his defensive theory beyond a reasonable doubt. The *Meraz* standard is inapplicable. We overrule point one.

■ In point two, Moosani contends that the evidence was legally insufficient. He means to say that the evidence fails the *Jackson* standard of sufficiency. In point three, he maintains that the trial court misinterpreted the statutory and constitutional law applicable to his case.

In reviewing the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the verdict. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex. Crim.App.1984). We then ask whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson, supra.*

There was evidence that Moosani was carrying a weapon, that he carried the gun to and from work almost every workday, and that he was not carrying a large sum of money at the time of his arrest.

*Cortemeglia v. State*, 505 S.W.2d 296 (Tex. Crim.App.1974) is controlling. In *Cortemeglia*, the defendant testified that he only carried a gun from his business to his home on Friday evenings and then back to his place of business on Monday mornings because he carried large sums of money at these times. *Id.* at 296–97. At the time of arrest, Cortemeglia was carrying some $14,000 in cash and checks; nevertheless, the Court determined that the carrying of the gun was habitual and upheld the conviction for unlawfully carrying a weapon. *Id.* at 297. In the present case, Moosani carried a gun to work almost *every* workday, not just twice a week as in *Cortemeglia.*

Moosani points out that the *Cortemeglia* Court did not expressly consider a citizen's right under the Texas Constitution to bear arms in the lawful defense of himself. But, in *Deuschle v. State*, 109 Tex.Crim. 355, 4 S.W.2d 559 (1927), the Court did recognize that a citizen's right to carry a pistol was "incident of [his] constitutional right to own, possess, and bear arms." *Id.* at 560. Even so, the Court held:

> That one may carry a pistol from a place where same is legitimately had to another like place for some legitimate purpose seems uniformly held; but this does not mean that such person may so carry such a weapon idly, or merely for the sake of carrying it, *or habitually*, or for some unlawful purpose. (Emphasis added.)

*Id.* at 561.

Moosani also argues that in *Cortemeglia* there was no evidence of the need for Cortemeglia to carry the weapon, while, in the present case, there was evidence of prior

robberies and gang activity. But Moosani was not carrying a large sum of money at the time of his arrest. Therefore, the relevance of prior robberies and gang activity would bear on his personal safety and a defense of necessity. A necessity defense requires that "the actor reasonably believes [his] conduct is immediately necessary to avoid imminent harm." TEX.PENAL CODE ANN. § 9.22(1) (Vernon 1974). It has been held that a feeling that one is in a "high crime" area does not constitute a reasonable belief that carrying a weapon is *immediately* necessary to avoid *imminent* harm. *Johnson v. State*, 650 S.W.2d 414, 416 (Tex.Crim.App.1983).

We find that rational trier of fact could have found beyond a reasonable doubt that Moosani was carrying his weapon habitually. The trier of fact could have also found that Moosani did not have a legitimate purpose for carrying the weapon at the time of his arrest. Moosani did not meet all of the conditions required for the defense of carrying a weapon between home and business. *See Pettit, supra.*

We find that the evidence was sufficient to establish the elements of the offense of unlawfully carrying a weapon and to defeat Moosani's defense. We overrule points two and three.

In point four, Moosani maintains that his conviction is void because the special judge who heard the case had no jurisdiction to preside. Moosani argues that the record does not reflect that the judge who heard the case was appointed or selected in accordance with TEX.CODE CRIM.PROC.ANN. art. 30.05 (Vernon 1989) and TEX. GOV'T CODE ANN. §§ 26.022 & 26.028 (Vernon 1988). The docket sheet shows none of the required notations.

"A special judge may ... be appointed to serve in a county criminal court at law as provided by Section 75.403." TEX. GOV'T CODE ANN. § 25.1033(i) (Vernon 1988). "If a judge is absent ..., the presiding judge may appoint a special judge.... The provisions of Articles 30.04, 30.05, and 30.06, Code of Criminal Procedure ... apply...." *Id.* § 75.403(e).

When a special judge is ... appointed as herein provided, the clerk shall enter in the minutes as a part of the proceedings in such cause a record showing:

1. That the judge of the court was ... absent ...;

2. That such special judge (naming him) was ... appointed; [and]

3. That the oath of office prescribed by law was duly administered....

Art. 30.05.

*These* are the statutory provisions applicable to the present case. Moosani's reliance on *Saylors v. State*, 836 S.W.2d 769 (Tex. App.—Waco 1992, pet. filed) is misplaced. *Saylors* reversed a conviction because the State failed to meet the notice and recording requirements of TEX. GOV'T CODE ANN. §§ 26.022 & 26.028. *Id.* at 772. But those provisions do not apply where there is a statutory county court at law, as in Harris County. *See* § 26.021.

The State has supplemented the record with the order appointing the special judge and the special judge's oath of office. The record affirmatively shows the authority for selecting a special judge, the manner of his selection, and that he took the proper oath. *See Williams v. State*, 677 S.W.2d 584, 585 (Tex.App.—Austin 1984, no pet.). It is not necessary that the appointment of a special judge under § 75.403 be recorded in the court's minutes during the term of court at which he acted and conviction was had. *See Baker v. State*, 159 Tex.Crim. 130, 261 S.W.2d 593, 595 (1953). It is sufficient that the record be made complete on appeal. We overrule point four.

Finding no error, we affirm.