Cantrell v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-083-CR

THOMAS A. CANTRELL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

A jury found appellant, Thomas A. Cantrell (“Cantrell”), guilty of the unlawful carrying of a handgun, and the trial judge sentenced him to (1) ninety days in jail probated for one year, (2) eighty hours of community service, and (3) a $500.00 fine.  The trial judge also ordered that the weapon be destroyed.  In five points on appeal, Cantrell complains that the trial court erred by (1) denying his request for a probable cause instruction, (2) overruling his objection to an unfounded assertion by the prosecutor, (3) overruling his objection to question by the prosecutor, (4) failing to give a charge on the right to carry a weapon when transporting large sums of money, and (5) ordering the weapon destroyed.

II.  Background Facts and Procedural History 

On October 5, 2002, Officer D. L. Collins of the Fort Worth Police Department clocked Cantrell on radar traveling at sixty-four miles per hour in a thirty-five mile per hour zone.  Officer Collins pulled over Cantrell’s vehicle and after conducting field sobriety tests arrested Cantrell for driving while intoxicated (a charge for which he was later acquitted).  Officer Dennis Alise assisted Officer Collins in processing the arrest scene and he inventoried the vehicle after Cantrell’s arrest.  During the inventory search, Officer Alise found on the passenger side of the truck a loaded handgun inside a open black bag.  It is the carrying of this weapon for which Cantrell was tried in this case.

At trial, Cantrell’s primary defense was that he had the right to carry the handgun on this occasion because (1) he was traveling to and from the gun range,
(footnote: 2) and (2) he was carrying a large amount of money.
(footnote: 3)  In that regard, Cantrell testified that he had left the house that day to go to the gun range and that when he left the gun range he cleaned his gun and drove to his mother-in-law’s house.  He testified that he was on his way home after leaving his mother-in-law’s house when he was pulled over by police.  Cantrell testified that he was not going sixty-four miles per hour at the time he was stopped.  He did not testify as to how fast he was going or that he was not speeding.  Contrary to Officer Alise’s testimony, Cantrell testified that the bag in which the gun was located was zipped shut.  He also testified that he had $2,600 in his pocket and $20,000 cash in a hidden compartment in the truck.  He stated that he did not habitually carry a firearm, but that he carried the handgun on this occasion because he was going to the gun range and because he was carrying such a large sum of money. 

III.  Cantrell’s Request for a Probable Cause Instruction

In his first point, Cantrell contends that the trial court erred when it overruled his request for a probable cause instruction pursuant to article 38.23 of the Texas Code of Criminal Procedure.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 38.23 (Vernon 2005).  Specifically, Cantrell asserts that he was entitled to a probable cause instruction because the testimony raised a factual question regarding the propriety of the traffic stop.

Article 38.23(a) states:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.  

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained. 

Id
. art. 38.23(a).

Because the terms of article 38.23 are mandatory, the only question is whether under the particular facts of this case an issue has been raised by the evidence so as to require a jury instruction on the legality of the stop of Cantrell.  
See Jordon v. State
, 562 S.W.2d 472, 472 (Tex. Crim. App. 1978).  If the evidence fails to raise the issue, Cantrell has no right to the probable cause instruction.  
Id
.  On the other hand, if the evidence raises a fact issue regarding the validity of the stop, then Cantrell is statutorily entitled to the requested instruction. 
 Id
. 

Here, Officer D.L. Collins of the Fort Worth Police Department testified that he observed Cantrell speeding and that he clocked Cantrell’s vehicle on radar to be traveling at sixty-four miles per hour in a thirty-five mile per hour zone.  Cantrell testified that he was not going sixty-four miles per hour when he was stopped.  He did not, however, contest the officer’s assertion that he was speeding.  Therefore, even if the jury believed Cantrell’s testimony that he was not going sixty-four miles per hour, his testimony does not raise a factual issue as to whether the officer had probable cause to stop him.  Accordingly, we conclude that an issue of fact was not raised and an instruction under article 38.23 of the Texas Code of Criminal Procedure was not required. 
 See Chapman v. State
, 961 S.W.2d 586, 587 (Tex. App.—Houston [1st
 Dist.] 1997, no pet) (concluding that appellant was not entitled to an article 38.23 instruction where appellant’s license plate was displayed illegally and appellant’s testimony did not dispute that fact).
  Therefore, we hold that the trial court did not err in overruling Cantrell’s request for a probable cause instruction.  We overrule Cantrell’s first point. 

IV.  Cantrell’s Right to Confrontation

At trial, Cantrell testified that on the day of his arrest he left his home to go to the gun range to fire his weapon, that when he left the gun range he went to his mother-in-law’s house, and that he was on his way home from his mother-in-law’s when he was stopped by police.  Thereafter, during the State’s cross-examination of Cantrell, the following exchange took place:

[Prosecutor]: What was the family event that you were going to that night?

[Cantrell]: Well, it wasn’t a venture, it was a get together after a death of a family member.

[Prosecutor]: So is it fair to say that there had been a funeral that afternoon?

[Cantrell]: Yes.  I didn’t go to the funeral, but yes, there was a funeral–oh, well, yeah, yeah, a funeral.

 

[Prosecutor]:  Would it surprise you that your wife testified back in July– 

[Defense Counsel]:  Objection, Your Honor, as to what persons who are not here would be saying.  It denies us a right of confrontation, cross-examination, and is hearsay.

[The Court]: Tried and you keep talking about.  Overruled.  Be seated.

[Defense Counsel]:  Note our exception.

[Prosecutor]:  Would it surprise you that your wife testified back in July that ya’ll were at that funeral?

[Defense Counsel]: Objection, Same objection, Your Honor.

[The Court]: Overruled.

[Defense Counsel]: Exception.

[Cantrell]: I didn’t hear the question, I’m sorry.

[Prosecutor]: Would it surprise you that your wife testified back in July that ya’ll were at that funeral together?

[Cantrell]: Well, yeah, it would be a total shock because we weren’t . . . . I don’t know where that testimony came from. 

 

In his second point, Cantrell contends the trial court erred in overruling his objection to the unfounded assertion by the prosecutor that Cantrell’s wife had previously testified that she and Cantrell were at a funeral together on that day. Specifically, Cantrell argues that the prosecutor’s unfounded assertion is hearsay and its admission violated his constitutional right to confront and cross-examine the witnesses against him. 
 Cantrell contends that this unfounded assertion implied that the prosecutor had evidence which would impeach his prior testimony.  Finally, Cantrell asserts that the trial court exacerbated the error when it responded to defense counsel’s objection by stating:  “Tried and you keep talking about.  Overruled.  Be seated.”  The State does not respond to Cantrell’s contention that the trial court erred, except to reply that the error, if any, was harmless beyond a reasonable doubt.
(footnote: 4) 

 Assuming, without deciding, that the trial court committed constitutional error when it overruled Cantrell’s timely objection, we conclude beyond a reasonable doubt that the error did not contribute to Cantrell’s conviction or punishment.  
See
 
Tex. R. App. P.
 44.2(a). 
 
To convict Cantrell of unlawfully carrying a handgun the State had to prove that Cantrell intentionally, knowingly, or recklessly carried the handgun on or about his person. 
 
See 
Tex. Penal Code Ann.
 § 46.02(a) (Vernon 2003). 
 
Cantrell admitted that he took the handgun with him on that day because he planned to go to the gun range and because he was carrying a large amount of money.  
Officer Aliese testified that he found the handgun in an open black bag on the passenger side of Cantrell’s truck.  
Officer Collins testified that the black bag was within Cantrell’s reach and that Cantrell did not have a license
(footnote: 5) to carry the weapon.  Cantrell did not contest these assertions except to assert that the black bag was zippered shut. 

The question therefore is whether the trial court’s overruling Cantrell’s objection to the unfounded assertion by the prosecutor that Cantrell’s wife had previously testified that she and Cantrell were at a funeral together was harmless, if error, beyond a reasonable doubt.  
See Williams v. State
, 958 S.W.2d 186, 194 (Tex. Crim. App. 1997).  
In applying the “harmless error” test, our primary question is whether there is a “reasonable possibility” that the improper argument might have contributed to the conviction.  
Mosley
, 983 S.W.2d at 259.

Our harmless error analysis should not focus on the propriety of the outcome of the trial; instead, we should calculate as much as possible the probable impact on the jury in light of the existence of other evidence.  
Wesbrook v. State
, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 944 (2001).  Stated another way, “a reviewing court asks if there was a reasonable possibility that the error, either alone or in context, moved the jury from a state of nonpersuasion to one of persuasion as to the issue in question.”  
Id
.  We consider the source and nature of the error, the extent that it was emphasized by the State, its probable collateral implications, the weight a juror would probably place on the error, and whether declaring it harmless would be likely to encourage the State to repeat it with impunity.  
Harris v. State
, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989).  This requires us to evaluate the entire record in a neutral, impartial, and even-handed manner, not “in the light most favorable to the prosecution.”  
Id.
 at 586.

In evaluating the effect of the prosecutor’s unfounded assertion on the jury in light of the evidence against Cantrell, we conclude that the inadmissible assertion by the prosecutor would not have “moved the jury from a state of nonpersuasion to one of persuasion” regarding the issue of guilt.  
See Wesbrook
, 29 S.W.3d at 119.  
While the State’s unfounded assertion may have served to undermine Cantrell’s overall credibility, there was significant evidence of Cantrell’s guilt for which the jury need not assess Cantrell’s credibility.
  
Further, while we believe that the State’s error would have served to undermine Cantrell’s credibility in establishing his traveling to and from the gun range defense,
(footnote: 6) the trial court refused to submit that defense to the jury, a decision Cantrell does not appeal. 
 
In addition, we note that the State did not place particular emphasis on the prosecutor’s assertion or argue the assertion in its closing.
  See Harris,
 790 S.W.2d at 587
. 
 Finally, we do not believe that our finding the error harmless will encourage the State to repeat it with impunity.  
See i
d
.

Thus, after carefully reviewing the record and performing the required harm analysis under rule 44.2(a), we hold beyond a reasonable doubt that the trial court’s ruling, if error, did not contribute to Cantrell’s conviction or punishment.  
See
 Tex. R. App. P.
 44.2(a).  We overrule Cantrell’s second point. 

V.  Cantrell’s Pre-Trial Silence

In his third point, Cantrell contends that the trial court erred when it overruled his objection to the following question posed by the prosecutor to the arresting police officer:  “I have one last question.  Did the defendant indicate to you that there were any valuables in the car when you drove away from the scene?”  Cantrell asserts that the prosecutor’s question calls for a comment on Cantrell’s pre-trial silence in violation of the Fifth and Fourteenth Amendments to the United States Constitution as well as article I, section 10 of the Texas Constitution.  
See
  
U.S. Const.
 amend. V, XIV; 
Tex. Const.
 art. I, § 10.  The State responds that Cantrell waived error, if any, because similar evidence was admitted elsewhere in the record without objection.  We agree.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. 
 Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), 
cert. denied,
 526 U.S. 1070 (1999).  Even constitutional error may be waived by failure to object at trial. 
 Bunton v. State
, 136 S.W.3d 355, 368 (Tex. App.—Austin 2004, no pet.).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. 
 Tex. R. App. P.
 33.1(a)(2).  To preserve error, a party must continue to object each time the objectionable evidence is offered. 
 Fuentes v. State,
 991 S.W.2d 267, 273 (Tex. Crim. App.), 
cert. denied,
 528 U.S. 1026 (1999); 
Ethington v. State,
 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991).  A trial court's erroneous admission of evidence will not require reversal when other such evidence was received without objection, either before or after the complained-of ruling.  
Leday v. State,
 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).  This rule applies whether the other evidence was introduced by the defendant or the State. 
 Id.

During cross-examination Cantrell testified, without objection, that he had not told police about the money in the car.  Accordingly, we hold that Cantrell failed to preserve error, if any, in the admission by the trial court of evidence that Cantrell did not tell police about the valuables in the car following his arrest. 
 See Salazar v. State
, 131 S.W.3d 210, 215 (Tex. App.—Fort Worth 2004, pet. ref’d) (holding that appellant failed to preserve error with respect to his post-arrest silence by failing to object to the admission of similar evidence).  We overrule Cantrell’s third point.

VI.  Charge Error

In his fourth point, Cantrell contends that the trial court erred by failing to give the jury an instruction on the right to carry a weapon when transporting large sums of money.  The State responds that the trial court did not err in refusing to give the requested charge.  We agree. 

At the conclusion of the evidence, Cantrell’s defense counsel requested the following instruction be given to the jury:

It is not a violation of the law for a purpose [sic] to carry a pistol, if the purpose of carrying the pistol is legitimate, for example, the carrying of a pistol when carrying large sums of money or other valuables.  

Therefore, if you find from the evidence, or if you have a reasonable doubt thereof, that on the occasion referred to herein, and in the information, Thomas A. Cantrell was carrying a pistol for a legitimate purpose, for protection while carrying a large sum of money and/or other valuables, then you will acquit him and say by your verdict not guilty. 

 

The trial court denied the requested instruction and defense counsel objected. 

A. Standard of Review

If evidence is introduced from any source which raises an issue on a defensive theory, the theory must, upon request, be included in the court’s charge.  
See Gibson v. State
, 726 S.W.2d 129, 132 (Tex. Crim. App. 1987) (op. on reh’g).  A defendant is entitled to a charge on every issue raised by the evidence, whether it be strong, weak, unimpeached, or contradicted.  
Muniz v. State
, 851 S.W.2d 238, 254 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 837 (1993); 
Lugo v. State
, 667 S.W.2d 144, 146 (Tex. Crim. App. 1984).  The defendant’s testimony alone may be sufficient to raise a defensive theory requiring a charge.  
Brown v. State
, 955 S.W.2d 276, 279 (Tex. Crim. App. 1997); 
Golden v. State
, 851 S.W.2d 291, 295 (Tex. Crim. App. 1993). 

B. Analysis 

Cantrell contends that he was entitled to a jury instruction on the defensive theory that a person has a right to carry a weapon when carrying large sums of money.  In support of that assertion, Cantrell cites 
Stilly v. State
, as 
standing for the proposition that a person has a right to carry a handgun when he has reasonable grounds for fearing an unlawful attack on his person.  
See
 11 
S.W. 458, 458  (Tex. Ct. App. 1889).

“A person commits an offense [of unlawfully carrying a weapon] if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club.” 
 Tex. Penal Code Ann.
 § 46.02(a) (Vernon 2003).  However, there are several statutory exceptions or exemptions
(footnote: 7) to this offense found in section 46.15 of the Texas Penal Code.  
See
 
id
. § 46.15.   In addition, where a person has a legitimate purpose to carry a weapon there have been a number of exceptions created by the case law. 
 
See
 
Birch v. State
, 948 S.W.2d 880, 883 (Tex. App.—San Antonio 1997, no pet.); 
Dixon v. State
, 908 S.W.2d 616, 619 (Tex. App.—Amarillo 1995, pet. ref’d).  For example, it has been held that one has a right to carry a handgun home from the place of its purchase. 
Waddell v. State
, 37 Tex. 354, 355-56 (1873).  It has also been held that a person is authorized to carry a weapon from his place of business to his home when he has on his person a considerable sum of money and does not deviate from the nearest or most probable route.  
See Boyett v. State
, 167 Tex. Crim. 195, 319 S.W.2d 106, 107 (1958). 

These case law exemptions have their roots in the statutory defenses that one may carry a weapon at home, at one’s business premises, or while traveling.  
Inzer v. State
, 601 S.W.2d 367, 368 (Tex. Crim. App. 1980).  However, these exemptions are not unlimited.  An accused is entitled to assert these defenses only if, (1) the purpose for carrying the weapon was legitimate and not contrived, (2) the route taken was practical, (3) the accused’s journey proceeded without undue or unreasonable deviation, and (4) the weapon was not carried habitually.  
See Johnson v. State
, 571 S.W.2d 170, 172 (Tex. Crim App. 1978); 
Cortemeglia v. State
, 505 S.W.2d 296, 297-98 (Tex. Crim. App. 1974).  Cantrell asserts that he was entitled to carry the handgun on this occasion because (1) he was carrying a large sum of money, (2) it would be rational for a person carrying such a large sum of money to fear for his personal safety, and (3) he did not habitually carry a handgun. 

In 
Stilly
, the appellant, who had been convicted of unlawfully carrying a pistol on his person, argued 
that he was entitled to carry the pistol because, (1) he was traveling, and (2) he had a reasonable ground for fearing an unlawful attack on his person.  
See 
11 S.W. at 458.  The 
Stilly 
court, without discussion, overruled the appellant’s second argument indicating that the evidence did not establish the danger contemplated by the statute.  
See id
.  W
e do not read 
Stilly
 to stand for the proposition advanced by Cantrell, that 
one is privileged to carry a weapon when carrying a large sum of money. 
 See id. 
 Furthermore, 
in 
Evers v. State
, the Texas Court of Criminal Appeals took a contrary position when it stated 
that “[t]here is no recognized exception permitting one to carry a handgun on the basis of self-protection.”  
See 
576 S.W.2d 46, 51 (Tex. Crim. App. 1978).  Thus, we hold that the trial court did not err when it denied Cantrell’s request for an jury instruction on the right to carry a weapon when carrying a large sum of money because without more
(footnote: 8) the requested instruction is simply not the law.  We overrule Cantrell’s fourth point.   

VII.  Destruction of the Weapon

In his fifth point, Cantrell contends that the trial court erred when it ordered the gun destroyed.  Specifically, Cantrell asserts that the trial court’s order violates article 18.19(d) of the Texas Code of Criminal Procedure.
(footnote: 9) Article 18.19(d) of the Texas Code of Criminal Procedure provides in relevant part:

A person either convicted or receiving deferred adjudication under Chapter 46, Penal Code, is entitled to the weapon seized upon request to the court in which the person was convicted or placed on deferred adjudication.  However, the court entering the judgment shall order the weapon destroyed or forfeited to the state for use by the law enforcement agency holding the weapon if: 

(1) the person does not request the weapon before the 61st
 day after the date of the judgment of conviction or the order placing the person on deferred adjudication. . . . 

Tex. Code Crim. Proc. Ann.
 art. 18.19(d) (Vernon 2005).  

Cantrell argues that the court did not follow the provisions of the code of criminal procedure in ordering the weapon destroyed because the court did not notify him of his right to reclaim the weapon, thus denying him the opportunity to do so.  We believe Cantrell is misreading the statute.  While article 18.19(d) does provide that a person convicted or receiving deferred adjudication under chapter 46 of the Penal Code is entitled to request the return of the weapon, it does not require that the trial court notify the defendant of his right to request the return of the weapon.
  
See id
. 
 
Accordingly, we hold that the trial court did not err when it ordered the weapon destroyed.  
Further, the trial court filed its judgment in this case on February 11, 2004 leaving Cantrell until April 11, 2004 to request the return of the weapon. 
 See
 
 
id
.  Having failed to do so, Cantrell forfeited any interest he had in the weapon. 
 See id
. 
 Cantrell’s fifth point is overruled.

VIII.  Conclusion

Having overruled Cantrell’s five points, we affirm the trial court’s judgment. 

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 12, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Penal Code Ann.
 § 46.15(b)(4) (Vernon Supp. 2004-05).

3:
See
 discussion 
infra
 Part VI.

4:
In its brief the State analyzes harm utilizing the standard for constitutional error found in rule 44.2(a).  
See 
Tex. R. App. P.
 44.2(a). 

5:
See
 
Tex. Penal Code Ann.
 § 46.15(b)(6) (Vernon Supp. 2004-05). 

6:
See
 
Tex. Penal Code Ann.
 § 46.15(b)(4).

7:
We treat these exceptions or exemptions as a defense. 
 See
 
Tex. Penal Code Ann.
 §
 2.03(e) (Vernon 2003)
 (providing, “A ground of defense in a penal law that is not plainly labeled in accordance with this chapter has the procedural and evidentiary consequences of a defense.”). 

8:
The record does not support, and Cantrell does not argue, that he was entitled to the requested jury instruction because he was carrying the weapon directly from his  place of business to his home.  
See Boyett
, 319 S.W.2d at 107.

9:
Cantrell also generally contends that the trial court’s order violates both the Texas and United States Constitutions.  However, in his brief Cantrell fails to provide any argument or authority to support his contention.  Because Cantrell has inadequately briefed those assertions, nothing is presented for appellate review.  
See
 
Tex. R. App. P.
 38.1(h); 
Mosley v. State
, 983 S.W.2d 249, 256 (Tex. Crim. App. 1998) (op on reh'g), 
cert. denied
, 526 U.S. 1070 (1999); 
Lawton v. State
, 913 S.W.2d 542, 554 (Tex. Crim. App. 1995), 
cert. denied
, 519 U.S. 826 (1996).  Accordingly, we do not address Cantrell’s contention that the trial court’s order violated his constitutional rights.