COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-083-CR
 
 
THOMAS A. CANTRELL                                                         APPELLANT
  
V.
 
THE STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM COUNTY CRIMINAL COURT NO. 
1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        A 
jury found appellant, Thomas A. Cantrell (“Cantrell”), guilty of the 
unlawful carrying of a handgun, and the trial judge sentenced him to (1) ninety 
days in jail probated for one year, (2) eighty hours of community service, and 
(3) a $500.00 fine. The trial judge also ordered that the weapon be destroyed. 
In five points on appeal, Cantrell complains that the trial court erred by (1) 
denying his request for a probable cause instruction, (2) overruling his 
objection to an unfounded assertion by the prosecutor, (3) overruling his 
objection to question by the prosecutor, (4) failing to give a charge on the 
right to carry a weapon when transporting large sums of money, and (5) ordering 
the weapon destroyed.
II. Background Facts and Procedural History
        On 
October 5, 2002, Officer D. L. Collins of the Fort Worth Police Department 
clocked Cantrell on radar traveling at sixty-four miles per hour in a 
thirty-five mile per hour zone.  Officer Collins pulled over Cantrell’s 
vehicle and after conducting field sobriety tests arrested Cantrell for driving 
while intoxicated (a charge for which he was later acquitted).  Officer 
Dennis Alise assisted Officer Collins in processing the arrest scene and he 
inventoried the vehicle after Cantrell’s arrest.  During the inventory 
search, Officer Alise found on the passenger side of the truck a loaded handgun 
inside a open black bag. It is the carrying of this weapon for which Cantrell 
was tried in this case.
        At 
trial, Cantrell’s primary defense was that he had the right to carry the 
handgun on this occasion because (1) he was traveling to and from the gun range,[2] and (2) he was carrying a large amount of money.[3]  In that regard, Cantrell testified that he had left 
the house that day to go to the gun range and that when he left the gun range he 
cleaned his gun and drove to his mother-in-law’s house.  He testified 
that he was on his way home after leaving his mother-in-law’s house when he 
was pulled over by police. Cantrell testified that he was not going sixty-four 
miles per hour at the time he was stopped.  He did not testify as to how 
fast he was going or that he was not speeding. Contrary to Officer Alise’s 
testimony, Cantrell testified that the bag in which the gun was located was 
zipped shut.  He also testified that he had $2,600 in his pocket and 
$20,000 cash in a hidden compartment in the truck.  He stated that he did 
not habitually carry a firearm, but that he carried the handgun on this occasion 
because he was going to the gun range and because he was carrying such a large 
sum of money.
III. Cantrell’s Request for a Probable Cause 
Instruction
        In 
his first point, Cantrell contends that the trial court erred when it overruled 
his request for a probable cause instruction pursuant to article 38.23 of the 
Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 38.23 
(Vernon 2005). Specifically, Cantrell asserts that he was entitled to a probable 
cause instruction because the testimony raised a factual question regarding the 
propriety of the traffic stop.
        Article 
38.23(a) states:
   
No evidence obtained by an officer or other person in violation of any 
provisions of the Constitution or laws of the State of Texas, or of the 
Constitution or laws of the United States of America, shall be admitted in 
evidence against the accused on the trial of any criminal case.
 
In 
any case where the legal evidence raises an issue hereunder, the jury shall be 
instructed that if it believes, or has a reasonable doubt, that the evidence was 
obtained in violation of the provisions of this Article, then and in such event, 
the jury shall disregard any such evidence so obtained.
    
Id. 
art. 38.23(a).
        Because 
the terms of article 38.23 are mandatory, the only question is whether under the 
particular facts of this case an issue has been raised by the evidence so as to 
require a jury instruction on the legality of the stop of Cantrell.  See 
Jordon v. State, 562 S.W.2d 472, 472 (Tex. Crim. App. 1978).  If the 
evidence fails to raise the issue, Cantrell has no right to the probable cause 
instruction.  Id.  On the other hand, if the evidence raises a 
fact issue regarding the validity of the stop, then Cantrell is statutorily 
entitled to the requested instruction.  Id.
        Here, 
Officer D.L. Collins of the Fort Worth Police Department testified that he 
observed Cantrell speeding and that he clocked Cantrell’s vehicle on radar to 
be traveling at sixty-four miles per hour in a thirty-five mile per hour zone. 
Cantrell testified that he was not going sixty-four miles per hour when he was 
stopped. He did not, however, contest the officer’s assertion that he was 
speeding. Therefore, even if the jury believed Cantrell’s testimony that he 
was not going sixty-four miles per hour, his testimony does not raise a factual 
issue as to whether the officer had probable cause to stop him. Accordingly, we 
conclude that an issue of fact was not raised and an instruction under article 
38.23 of the Texas Code of Criminal Procedure was not required. See Chapman 
v. State, 961 S.W.2d 586, 587 (Tex. App.—Houston [1st Dist.] 1997, no pet) 
(concluding that appellant was not entitled to an article 38.23 instruction 
where appellant’s license plate was displayed illegally and appellant’s 
testimony did not dispute that fact). Therefore, we hold that the trial court 
did not err in overruling Cantrell’s request for a probable cause instruction. 
We overrule Cantrell’s first point.
IV. Cantrell’s Right to Confrontation
        At 
trial, Cantrell testified that on the day of his arrest he left his home to go 
to the gun range to fire his weapon, that when he left the gun range he went to 
his mother-in-law’s house, and that he was on his way home from his 
mother-in-law’s when he was stopped by police. Thereafter, during the 
State’s cross-examination of Cantrell, the following exchange took place:
   
[Prosecutor]: What was the family event that you were going to that night?
  
[Cantrell]: 
Well, it wasn’t a venture, it was a get together after a death of a family 
member.
  
[Prosecutor]: 
So is it fair to say that there had been a funeral that afternoon?
  
[Cantrell]: 
Yes. I didn’t go to the funeral, but yes, there was a funeral–oh, well, 
yeah, yeah, a funeral.
  
[Prosecutor]: 
Would it surprise you that your wife testified back in July–
  
[Defense 
Counsel]: Objection, Your Honor, as to what persons who are not here would be 
saying. It denies us a right of confrontation, cross-examination, and is 
hearsay.
  
[The 
Court]: Tried and you keep talking about.  Overruled.  Be seated.
  
[Defense 
Counsel]: Note our exception.
 
[Prosecutor]: 
Would it surprise you that your wife testified back in July that ya’ll were at 
that funeral?
  
[Defense 
Counsel]: Objection, Same objection, Your Honor.
  
[The 
Court]: Overruled.
   
[Defense 
Counsel]: Exception.
   
[Cantrell]: 
I didn’t hear the question, I’m sorry.
   
[Prosecutor]: 
Would it surprise you that your wife testified back in July that ya’ll were at 
that funeral together?
  
[Cantrell]: 
Well, yeah, it would be a total shock because we weren’t . . . . I don’t 
know where that testimony came from.
   
        In 
his second point, Cantrell contends the trial court erred in overruling his 
objection to the unfounded assertion by the prosecutor that Cantrell’s wife 
had previously testified that she and Cantrell were at a funeral together on 
that day. Specifically, Cantrell argues that the prosecutor’s unfounded 
assertion is hearsay and its admission violated his constitutional right to 
confront and cross-examine the witnesses against him. Cantrell contends that 
this unfounded assertion implied that the prosecutor had evidence which would 
impeach his prior testimony. Finally, Cantrell asserts that the trial court 
exacerbated the error when it responded to defense counsel’s objection by 
stating: “Tried and you keep talking about. Overruled. Be seated.” The State 
does not respond to Cantrell’s contention that the trial court erred, except 
to reply that the error, if any, was harmless beyond a reasonable doubt.[4]
        Assuming, 
without deciding, that the trial court committed constitutional error when it 
overruled Cantrell’s timely objection, we conclude beyond a reasonable doubt 
that the error did not contribute to Cantrell’s conviction or punishment. See 
Tex. R. App. P. 44.2(a). To 
convict Cantrell of unlawfully carrying a handgun the State had to prove that 
Cantrell intentionally, knowingly, or recklessly carried the handgun on or about 
his person. See Tex. Penal Code 
Ann. § 46.02(a) (Vernon 2003). Cantrell admitted that he took the 
handgun with him on that day because he planned to go to the gun range and 
because he was carrying a large amount of money. Officer Aliese testified that 
he found the handgun in an open black bag on the passenger side of Cantrell’s 
truck. Officer Collins testified that the black bag was within Cantrell’s 
reach and that Cantrell did not have a license[5] to 
carry the weapon.  Cantrell did not contest these assertions except to 
assert that the black bag was zippered shut.
        The 
question therefore is whether the trial court’s overruling Cantrell’s 
objection to the unfounded assertion by the prosecutor that Cantrell’s wife 
had previously testified that she and Cantrell were at a funeral together was 
harmless, if error, beyond a reasonable doubt.  See Williams v. State, 
958 S.W.2d 186, 194 (Tex. Crim. App. 1997).  In applying the “harmless 
error” test, our primary question is whether there is a “reasonable 
possibility” that the improper argument might have contributed to the 
conviction. Mosley, 983 S.W.2d at 259.
        Our 
harmless error analysis should not focus on the propriety of the outcome of the 
trial; instead, we should calculate as much as possible the probable impact on 
the jury in light of the existence of other evidence.  Wesbrook v. State, 
29 S.W.3d 103, 119 (Tex. Crim. App. 2000), cert. denied, 532 U.S. 944 
(2001).  Stated another way, “a reviewing court asks if there was a 
reasonable possibility that the error, either alone or in context, moved the 
jury from a state of nonpersuasion to one of persuasion as to the issue in 
question.”  Id.  We consider the source and nature of the 
error, the extent that it was emphasized by the State, its probable collateral 
implications, the weight a juror would probably place on the error, and whether 
declaring it harmless would be likely to encourage the State to repeat it with 
impunity.  Harris v. State, 790 S.W.2d 568, 587 (Tex. Crim. App. 
1989). This requires us to evaluate the entire record in a neutral, impartial, 
and even-handed manner, not “in the light most favorable to the 
prosecution.”  Id. at 586.
        In 
evaluating the effect of the prosecutor’s unfounded assertion on the jury in 
light of the evidence against Cantrell, we conclude that the inadmissible 
assertion by the prosecutor would not have “moved the jury from a state of 
nonpersuasion to one of persuasion” regarding the issue of guilt.  See 
Wesbrook, 29 S.W.3d at 119.  While the State’s unfounded assertion 
may have served to undermine Cantrell’s overall credibility, there was 
significant evidence of Cantrell’s guilt for which the jury need not assess 
Cantrell’s credibility.  Further, while we believe that the State’s 
error would have served to undermine Cantrell’s credibility in establishing 
his traveling to and from the gun range defense,[6] 
the trial court refused to submit that defense to the jury, a decision Cantrell 
does not appeal.  In addition, we note that the State did not place 
particular emphasis on the prosecutor’s assertion or argue the assertion in 
its closing. See Harris, 790 S.W.2d at 587.  Finally, we do not 
believe that our finding the error harmless will encourage the State to repeat 
it with impunity.  See id.
        Thus, 
after carefully reviewing the record and performing the required harm analysis 
under rule 44.2(a), we hold beyond a reasonable doubt that the trial court’s 
ruling, if error, did not contribute to Cantrell’s conviction or punishment. See 
Tex. R. App. P. 44.2(a).  We 
overrule Cantrell’s second point.
V. Cantrell’s Pre-Trial Silence
        In 
his third point, Cantrell contends that the trial court erred when it overruled 
his objection to the following question posed by the prosecutor to the arresting 
police officer: “I have one last question. Did the defendant indicate to you 
that there were any valuables in the car when you drove away from the scene?” 
Cantrell asserts that the prosecutor’s question calls for a comment on 
Cantrell’s pre-trial silence in violation of the Fifth and Fourteenth 
Amendments to the United States Constitution as well as article I, section 10 of 
the Texas Constitution.  See U.S. 
Const. amend. V, XIV; Tex. Const. 
art. I, § 10. The State responds that Cantrell waived error, if any, because 
similar evidence was admitted elsewhere in the record without objection.  
We agree.
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion.  Tex. R. App. 
P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. 
App. 1998) (op. on reh'g), cert. denied, 526 U.S. 1070 (1999). Even 
constitutional error may be waived by failure to object at trial.  Bunton 
v. State, 136 S.W.3d 355, 368 (Tex. App.—Austin 2004, no pet.).  
Further, the trial court must have ruled on the request, objection, or motion, 
either expressly or implicitly, or the complaining party must have objected to 
the trial court's refusal to rule.  Tex. 
R. App. P. 33.1(a)(2).  To preserve error, a party must continue to 
object each time the objectionable evidence is offered.  Fuentes v. 
State, 991 S.W.2d 267, 273 (Tex. Crim. App.), cert. denied, 528 U.S. 
1026 (1999); Ethington v. State, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 
1991).  A trial court's erroneous admission of evidence will not require 
reversal when other such evidence was received without objection, either before 
or after the complained-of ruling. Leday v. State, 983 S.W.2d 713, 718 
(Tex. Crim. App. 1998).  This rule applies whether the other evidence was 
introduced by the defendant or the State.  Id.
        During 
cross-examination Cantrell testified, without objection, that he had not told 
police about the money in the car. Accordingly, we hold that Cantrell failed to 
preserve error, if any, in the admission by the trial court of evidence that 
Cantrell did not tell police about the valuables in the car following his 
arrest. See Salazar v. State, 131 S.W.3d 210, 215 (Tex. App.—Fort Worth 
2004, pet. ref’d) (holding that appellant failed to preserve error with 
respect to his post-arrest silence by failing to object to the admission of 
similar evidence).  We overrule Cantrell’s third point.
VI. Charge Error
        In 
his fourth point, Cantrell contends that the trial court erred by failing to 
give the jury an instruction on the right to carry a weapon when transporting 
large sums of money. The State responds that the trial court did not err in 
refusing to give the requested charge. We agree.
        At 
the conclusion of the evidence, Cantrell’s defense counsel requested the 
following instruction be given to the jury:
  
It is not a violation of the law for a purpose [sic] to carry a pistol, if the 
purpose of carrying the pistol is legitimate, for example, the carrying of a 
pistol when carrying large sums of money or other valuables.
  
Therefore, 
if you find from the evidence, or if you have a reasonable doubt thereof, that 
on the occasion referred to herein, and in the information, Thomas A. Cantrell 
was carrying a pistol for a legitimate purpose, for protection while carrying a 
large sum of money and/or other valuables, then you will acquit him and say by 
your verdict not guilty.
  
        The 
trial court denied the requested instruction and defense counsel objected.
A. Standard of Review
        If 
evidence is introduced from any source which raises an issue on a defensive 
theory, the theory must, upon request, be included in the court’s charge. See 
Gibson v. State, 726 S.W.2d 129, 132 (Tex. Crim. App. 1987) (op. on reh’g). 
A defendant is entitled to a charge on every issue raised by the evidence, 
whether it be strong, weak, unimpeached, or contradicted. Muniz v. State, 
851 S.W.2d 238, 254 (Tex. Crim. App.), cert. denied, 510 U.S. 837 (1993); 
Lugo v. State, 667 S.W.2d 144, 146 (Tex. Crim. App. 1984). The 
defendant’s testimony alone may be sufficient to raise a defensive theory 
requiring a charge. Brown v. State, 955 S.W.2d 276, 279 (Tex. Crim. App. 
1997); Golden v. State, 851 S.W.2d 291, 295 (Tex. Crim. App. 1993).
B. Analysis
        Cantrell 
contends that he was entitled to a jury instruction on the defensive theory that 
a person has a right to carry a weapon when carrying large sums of money. In 
support of that assertion, Cantrell cites Stilly v. State, as standing 
for the proposition that a person has a right to carry a handgun when he has 
reasonable grounds for fearing an unlawful attack on his person. See 11 
S.W. 458, 458 (Tex. Ct. App. 1889).
        “A 
person commits an offense [of unlawfully carrying a weapon] if he intentionally, 
knowingly, or recklessly carries on or about his person a handgun, illegal 
knife, or club.” Tex. Penal Code Ann. 
§ 46.02(a) (Vernon 2003). However, there are several statutory exceptions or 
exemptions[7] to this offense found in section 46.15 
of the Texas Penal Code.  See id. § 46.15.  In 
addition, where a person has a legitimate purpose to carry a weapon there have 
been a number of exceptions created by the case law. See Birch v. 
State, 948 S.W.2d 880, 883 (Tex. App.—San Antonio 1997, no pet.); Dixon 
v. State, 908 S.W.2d 616, 619 (Tex. App.—Amarillo 1995, pet. ref’d).  
For example, it has been held that one has a right to carry a handgun home from 
the place of its purchase.  Waddell v. State, 37 Tex. 354, 355-56 
(1873). It has also been held that a person is authorized to carry a weapon from 
his place of business to his home when he has on his person a considerable sum 
of money and does not deviate from the nearest or most probable route.  See 
Boyett v. State, 167 Tex. Crim. 195, 319 S.W.2d 106, 107 (1958).
        These 
case law exemptions have their roots in the statutory defenses that one may 
carry a weapon at home, at one’s business premises, or while traveling.  Inzer 
v. State, 601 S.W.2d 367, 368 (Tex. Crim. App. 1980).  However, these 
exemptions are not unlimited.  An accused is entitled to assert these 
defenses only if, (1) the purpose for carrying the weapon was legitimate and not 
contrived, (2) the route taken was practical, (3) the accused’s journey 
proceeded without undue or unreasonable deviation, and (4) the weapon was not 
carried habitually.  See Johnson v. State, 571 S.W.2d 170, 172 (Tex. 
Crim App. 1978); Cortemeglia v. State, 505 S.W.2d 296, 297-98 (Tex. Crim. 
App. 1974). Cantrell asserts that he was entitled to carry the handgun on this 
occasion because (1) he was carrying a large sum of money, (2) it would be 
rational for a person carrying such a large sum of money to fear for his 
personal safety, and (3) he did not habitually carry a handgun.
        In 
Stilly, the appellant, who had been convicted of unlawfully carrying a 
pistol on his person, argued that he was entitled to carry the pistol because, 
(1) he was traveling, and (2) he had a reasonable ground for fearing an unlawful 
attack on his person. See 11 S.W. at 458. The Stilly court, 
without discussion, overruled the appellant’s second argument indicating that 
the evidence did not establish the danger contemplated by the statute. See id. 
We do not read Stilly to stand for the proposition advanced by Cantrell, 
that one is privileged to carry a weapon when carrying a large sum of 
money.  See id. Furthermore, in Evers v. State, the Texas 
Court of Criminal Appeals took a contrary position when it stated that 
“[t]here is no recognized exception permitting one to carry a handgun on the 
basis of self-protection.” See 576 S.W.2d 46, 51 (Tex. Crim. App. 
1978). Thus, we hold that the trial court did not err when it denied 
Cantrell’s request for an jury instruction on the right to carry a weapon when 
carrying a large sum of money because without more[8] 
the requested instruction is simply not the law.  We overrule Cantrell’s 
fourth point.
VII. Destruction of the Weapon
        In 
his fifth point, Cantrell contends that the trial court erred when it ordered 
the gun destroyed. Specifically, Cantrell asserts that the trial court’s order 
violates article 18.19(d) of the Texas Code of Criminal Procedure.[9]
        Article 
18.19(d) of the Texas Code of Criminal Procedure provides in relevant part:
    

A person either convicted or receiving deferred adjudication under Chapter 46, 
Penal Code, is entitled to the weapon seized upon request to the court in which 
the person was convicted or placed on deferred adjudication. However, the court 
entering the judgment shall order the weapon destroyed or forfeited to the state 
for use by the law enforcement agency holding the weapon if:
   
(1) 
the person does not request the weapon before the 61st day after the date of the 
judgment of conviction or the order placing the person on deferred adjudication. 
. . .
  
Tex. Code Crim. Proc. Ann. art. 18.19(d) 
(Vernon 2005).
        Cantrell 
argues that the court did not follow the provisions of the code of criminal 
procedure in ordering the weapon destroyed because the court did not notify him 
of his right to reclaim the weapon, thus denying him the opportunity to do so. 
We believe Cantrell is misreading the statute. While article 18.19(d) does 
provide that a person convicted or receiving deferred adjudication under chapter 
46 of the Penal Code is entitled to request the return of the weapon, it does 
not require that the trial court notify the defendant of his right to request 
the return of the weapon. See id. Accordingly, we hold that the trial 
court did not err when it ordered the weapon destroyed. Further, the trial court 
filed its judgment in this case on February 11, 2004 leaving Cantrell until 
April 11, 2004 to request the return of the weapon. See id. Having 
failed to do so, Cantrell forfeited any interest he had in the weapon. See id. 
Cantrell’s fifth point is overruled.
VIII. Conclusion
        Having 
overruled Cantrell’s five points, we affirm the trial court’s judgment.
   
  
                                                                  BOB 
MCCOY
                                                                  JUSTICE
 
 
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and MCCOY, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: May 12, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Tex. Penal Code Ann. § 
46.15(b)(4) (Vernon Supp. 2004-05).
3.  
See discussion infra Part VI.
4.  
In its brief the State analyzes harm utilizing the standard for constitutional 
error found in rule 44.2(a).  See Tex. R. App. P. 44.2(a).
5.  
See Tex. Penal Code Ann. § 
46.15(b)(6) (Vernon Supp. 2004-05).
6.  
See Tex. Penal Code Ann. § 
46.15(b)(4).
7.  
We treat these exceptions or exemptions as a defense.  See Tex. Penal Code Ann. § 2.03(e) (Vernon 
2003) (providing, “A ground of defense in a penal law that is not plainly 
labeled in accordance with this chapter has the procedural and evidentiary 
consequences of a defense.”).
8.  
The record does not support, and Cantrell does not argue, that he was entitled 
to the requested jury instruction because he was carrying the weapon directly 
from his place of business to his home.  See Boyett, 319 S.W.2d at 
107.
9.  
Cantrell also generally contends that the trial court’s order violates both 
the Texas and United States Constitutions.  However, in his brief Cantrell 
fails to provide any argument or authority to support his contention.  
Because Cantrell has inadequately briefed those assertions, nothing is presented 
for appellate review.  See Tex. 
R. App. P. 38.1(h); Mosley v. State, 983 S.W.2d 249, 256 (Tex. 
Crim. App. 1998) (op on reh'g), cert. denied, 526 U.S. 1070 (1999); Lawton 
v. State, 913 S.W.2d 542, 554 (Tex. Crim. App. 1995), cert. denied, 
519 U.S. 826 (1996).  Accordingly, we do not address Cantrell’s 
contention that the trial court’s order violated his constitutional rights.